356 So.2d 469 (1977)
Clarence JOHNSON
v.
Marie C. WICKS et al.
No. 11606.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
*470 Timothy Ellender, Houma, for plaintiff and appellee.
Robert D. Morvant, Paul Batiza, Thibodaux, for defendant and appellant.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge.
This is an action for damages for personal injuries resulting from an intersectional collision, involving the motor vehicles of the plaintiff, Clarence Johnson, and the defendant, Marie C. Wicks. Defendant Wicks has appealed the judgment against her.[1]
The evidence supports the finding of the trial court that the defendant, Marie C. Wicks, while traveling south on Canal Street, ran a stop sign at the intersection of Bond and Canal Streets in the City of Houma, Louisiana, and collided with the vehicle of the plaintiff, Clarence Johnson, who was traveling west on the favored street, Bond. The trial judge concluded from the testimony and other evidence that "the fault of this accident was that of the Defendant, Mrs. Wicks. She ran a stop sign. As a matter of fact she, on the witness stand didn't try to defend her actions, so I don't believe that anybody can seriously contend that the sole and proximate cause of this accident was anything other than Mrs. Wicks' negligence in running that stop sign, failing to see what she should have seen, and failing to do what she should have done, and in failing to accord the right of way to the Plaintiff, Mr. Johnson, who was on a right-of-way street proceeding in a safe and legal rate of speed when the accident occurred. So, as far as I'm concerned, the sole and proximate cause of the accident was the negligence of Mrs. Wicks, and I specifically find that that was the cause of the accident; that there was no contributory negligence or any negligence whatsoever on the part of Mr. Johnson."
The only issue regarding liability is whether the finding of the trial court was manifestly erroneous. Our review of the record convinces us that the trial judge's conclusions, both regarding the negligence of defendant Wicks as constituting the sole proximate cause of this collision and finding that plaintiff Johnson was not guilty of any negligence contributing to the cause of the collision, are amply supported by the evidence. We find no manifest error.
The defendant-appellant also raises the issue of an excessive award to the plaintiff-appellee in view of Mrs. Wicks ability, vel non, to respond to the award granted.
*471 The trial court awarded the plaintiff the sum of $113,024.44, of which sum the defendant's liability carrier was required to pay $10,000.00.[2] The record supports the trial judge's finding that the plaintiff sustained "a herniated disc at the L-5, S-1 level primarily on the right side and minimal posterior bulging at the L-4, 5 and L-5, S-1 levels," and the trial judge's conclusion that the plaintiff "has suffered a serious, painful and disabling injury which will affect him permanently." On August 24, 1976, six months after the accident, Johnson had surgery involving a three-level fusion, spanning from L-3 to the sacrum. The operating physician estimated plaintiff's permanent physical impairment to be approximately 30 per cent of the body as a whole.
We find the award within the minimum-maximum range of the "much discretion" granted triers of fact by our laws. LSA-C.C. art. 1934(3). We also find that the trial judge considered the ability of Mrs. Wicks to respond to the award in fixing the quantum in his judgment; contrary to appellant's contention, his finding on this question in no way conflicts with the holding by this Court in Williams v. Garner, 268 So.2d 56 (La.App. 1 Cir. 1972).
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Judgment was also rendered in favor of the plaintiff against two insurers: United States Fidelity and Guaranty Insurance Company, the liability insurer of defendant Wicks, and plaintiff's uninsured motorist insurer, Hartford Accident and Indemnity Company. The judgments against the insurers were limited to their policy limits, and they have not appealed.
[2] The plaintiff's uninsured motor carrier was also required to pay $10,000, but it was granted a judgment for this sum against Mrs. Wicks, subordinate to the judgment of the plaintiff.