422 So.2d 611 (1982)
Helen M. ABSHIRE, et al., Plaintiffs-Appellees,
v.
Rexby DUBOIS, et al., Defendants-Appellants.
No. 82-248.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
*612 Louis G. Garrot, Abbeville, for plaintiffs-appellees.
Caffery, Oubre & Dugas, David R. Dugas, New Iberia, for defendants-appellants.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
DOMENGEAUX, Judge.
This is an action in tort for personal injuries and lost wages sustained by the plaintiffs, Helen and L.J. Abshire,[1] as a result of a collision between plaintiffs' 1975 Chevrolet automobile and a cow belonging to defendant, Rexby Dubois. The accident occurred on Vermilion Parish Road P-3-10 near the Abbeville City Limits in Vermilion Parish, Louisiana, at approximately 6:30 P.M. on October 30, 1979. From a judgment of the district court in favor of plaintiffs and against defendants, Rexby Dubois and his liability insurer, Southern Farm Bureau Casualty Insurance Company, in the sum of $184,741.00, plus interest and costs, defendants have taken this appeal. We affirm.
The substantial issues presented on appeal are:
(1) Whether or not the trial judge erred in finding that defendants failed to adequately rebut their presumption of negligence;
(2) Whether or not the trial court erred in casting defendants in judgment for loss of past and future wages; and
(3) Whether or not the trial judge abused its discretion in awarding general damages in this case.
The essential facts are undisputed. On the aforesaid evening Mrs. Abshire was driving her automobile on Vermilion Parish Road P-3-10 in a southerly direction, at approximately 25 mph when a cow suddenly appeared on the roadway immediately in front of her. Apparently, the cow exited a roadside ditch into Mrs. Abshire's lane of travel, and she was unable to avoid the collision. Shortly thereafter, it was determined that the cow belonged to defendant Dubois. Although it was not completely established at trial whether the accident occurred just inside or just outside of the Abbeville city limits, it was determined that in any event the area in question was controlled either by an existing city or parish ordinance prohibiting the roaming of cattle at large, which establishes the fact that the accident occurred in a closed range area.
Appellants contend that the trial court erred in requiring defendant Dubois to explain the presence of a cow on the highway in order to rebut the presumption of his negligence arising from the fact that Dubois' cow was roaming outside of Dubois' fenced pasture in a closed range area. In essence, appellants claim that after finding that Mr. Dubois had taken all reasonable and prudent measures and precautions in maintaining his cattle within his fenced pasture, the trial judge erred by further requiring the defendant to show how the cow escaped from its enclosure. We disagree.
*613 It is well settled in our jurisprudence that when an automobile strikes a horse or cow in a closed range area the burden of proof rests upon the owner to exculpate himself from "even the slightest degree of negligence." See Young v. Sentry Insurance Company, 315 So.2d 93 (La. App. 3rd Cir.1975); writ denied 319 So.2d 419 (La.1975), and the cases cited therein.
In Young, supra, this Court addressed this very issue as follows:
"Thus, a legal presumption of fault or negligence on the part of the animal's owner is created in such cases. In order to rebut same the defendant must not only show that he has taken all reasonable and prudent measures and precautions to enclose his livestock, but must also explain the presence of the animal on the highway by showing when, where, and how the animal escaped from its enclosure, that is, his complete freedom from fault. Womack v. Rhymes, [300 So.2d 226], supra; concurring opinion in Ross v. Del Valle, 277 So.2d 163 (La.App. 3rd Cir.1973) and cases cited therein." (Emphasis added)
Also see Rodrigue v. Mayet, 359 So.2d 1324 (La.App. 4th Cir.1978); and Quarles v. Tolar, 312 So.2d 350 (La.App. 2nd Cir.1975).
In the present case the defendant pastures his 40 to 45 cattle on some 80 to 90 acres of land. Although defendant and his grandson-in-law both testified that they checked the fence the day following the accident and found no defects in it which could have allowed the cow to escape,[2] they were unable to explain how the cow found itself to the highway the night before. Furthermore, Mr. Dubois readily admitted that the cow could have been out as much as one week before the accident. In light of the aforementioned, we agree with the court below that the defendants failed to adequately rebut the presumption of their negligence in not showing when, where, and how the animal escaped from its enclosure.
Appellants next contend that the trial judge erred in awarding plaintiff damages for lost past and future earnings, and furthermore abused his discretion in the award given for general damages. We disagree.
In reasons orally assigned, the district judge correctly stated the facts and gave reasons for the various items of the award as follows:
"The Court will award in favor of Mr. Abshire on behalf of the community $4,104.01 representing medical expenses. With the new law on the community, I'll let you figure the loss wages from the date of the accident to January 1, 1980, which I will award to Mr. Abshire on behalf of the community; but after January 1, 1980, the loss wages would be awarded to Mrs. Abshire. The total not to exceed fifteen thousand six hundred dollars ($15,600.00).
MR. GARROT: Excuse me, Judge. The total of both?
THE COURT: Yes. That's loss of wages to the date of trial. Mrs. Abshire has testified at length about her pain and suffering from mental anguish. The Court has studied the testimony of the physicians and they substantiate the fact that she has some problems in the mid high back and the neck area, the cervical area, and as to the low back that she has a ruptured disc at L-4-5. The testimony is that from Dr. Blanda that most surgical, most disc injuries are treated conservatively, that surgery in about fifteen percent of the cases does not help the patient. The testimony is that the low back injury is more severe than the upper back or neck injury. The testimony of the medical experts is I think unanimous that she can't do stooping, bending, standing up, climbing, walking to any great degree. In fact, and not to pick up any more than twenty five pounds. It is *614 now more than two years post-injury and she still has the complaints. Generally after that period of time the difficulty will persist. The Court feels that she is probably not employable, most likely not employable, not only because of the physical restrictions she has but also because industry and commerce generally and persistently do not want to employ anyone who has had a severe back injury, particularly something like a ruptured disc. The Court will award to Mrs. Abshire for future loss of wages, and this I calculated on an annual wages discounted at ten (10) percent, and that figure is $65,037.00. I have checked the jurisprudence on quantam and probably the top range for a disc injury I would say is about $150,000.00. The bottom range is probably $45,000.00, $50,000.00. However in a recent case, with ten (10) percent disability of a disc, that figures something like $54,000.00, which was sometimes last year. Of course, inflation is still rising. Not only does Mrs. Abshire have a ruptured disc, but she has the mid-back, high mid-back area. There's some, as I recall, some aggravation of a pre-existing condition. One doctor said she had Sherman's disease, and Dr. Hebert said she didn't, and there's another physician said that she didn't have that particular disease; but she has some problems in that area. Not only that, she has the cervical strain. The Court feels that an award of $100,000 would adequately compensate her for her bodily injury, mental anguish, disfunction, etcetera. All of this together with legal interest from date of judicial demand and all costs of these proceedings."
As to the loss of past and future wages, the preponderance of the evidence produced at trial indicates that there is a good possibility that plaintiff's symptoms of pain may never go away, but rather she will just have to learn to live with them. As noted by the trial judge, Mrs. Abshire is restrained from securing any type of employment which requires recurrent stooping, bending, or standing. Additionally, Mrs. Abshire testified that she finds it necessary to periodically lie down and rest in order to ease the pain experienced from prolonged sitting and/or standing. Mrs. Abshire's treating physician supported her testimony. Finally, the majority of the evidence shows that as a result of plaintiff's condition, along with the necessity for regular rest to relieve her pain, the prospect for future employment is very dim at best. Accordingly, we find the trial judge was neither manifestly erroneous or clearly wrong in granting plaintiff, Helen Abshire, an award for past and future wages.
The third and final issue concerns itself with the propriety of the award for general damages to Mrs. Abshire. The seriousness and longevity of her injuries as stated by the trial judge in the portion of his reasons quoted herein, are supported by the record. The $100,000.00 award therefore does not, in our opinion, violate the guidelines set out by the jurisprudence. The Judge has not strayed beyond his discretion. See Reck v. Stevens, 373 So.2d 498 (La.1979), and the cases cited therein.
For the above and foregoing reasons the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
GUIDRY, J., concurs and assigns reasons.
GUIDRY, Judge, concurring.
In my opinion, the jurisprudential rule which requires the owner, in order to rebut the legal presumption of fault arising in cases such as the one at hand, to prove "when, where and how the animal escaped from its enclosure", when it is otherwise established that he has taken all reasonable and prudent measures to maintain his animals within a fenced enclosure, is overly burdensome. As stated by Justice Summers in his dissent from the denial of writs in Young v. Sentry Insurance Company, 319 So.2d 419 (La.1975):
"... to impose liability as in this instance is to require a degree of care of stock owners which is beyond the bounds of reason; ..."
*615 However, I feel compelled to follow this rule considering that same has withstood scrutiny by our Supreme Court through writ application in numerous cases and considering further the Supreme Court's per curiam on writ denial in Harrington v. Upchurch, 337 So.2d 222 (La.1976) which indicates, rather clearly, that in such cases, i.e., cattle at large on closed range highways, strict liability will be imposed upon the animal owner.
For these reasons I respectfully concur.
NOTES
[1] Plaintiff, Helen Abshire, was riding alone in her vehicle when the accident occurred. Her husband, L.J., joins as plaintiff in this suit and together with his wife seeks recovery of damages sustained by the community as a result of the accident. Additionally, Helen Abshire seeks damages for the personal injuries which she sustained.
[2] There was some evidence adduced at trial tending to show that defendant Dubois' fences were, at least in part, in poor condition and perhaps inadequate. However, the trial judge found as a matter of fact that said defendant took reasonable and prudent measures in maintaining his fences in good condition, and we cannot say that in so deciding the court below was manifestly erroneous.