465 So.2d 63 (1985)
Robert T. PERRETTE and Ethel B. Perrette
v.
The CITY OF SLIDELL and Norman T. Whitfield.
No. 83 CA 1409.
Court of Appeal of Louisiana, First Circuit.
January 11, 1985.
Writ Denied March 8, 1985.
*64 Salvadore E. Guiterrez, Jr., New Orleans, for plaintiff-appellant.
Iddo Pittman, Hammond, for defendant-appellee.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This is an action from personal injury brought by Robert T. Perrette and Mrs. Ethel B. Perrette, husband and wife, against the City of Slidell for injuries sustained by Mrs. Perrette when the car she was driving was struck from the rear by a truck driven by an employee of the City of Slidell. Mrs. Perrette testified as to facts which clearly established negligence on the part of the City of Slidell's employee, the veracity and accuracy of which for all practical purposes were admitted by the City of Slidell. The sole question is as to quantum. Mrs. Perrette was awarded the sum of $15,000.00 as special damages, and as general damages for pain and suffering as a result of an injury to the spine, including a possibly herniated disc, arising as a result of the accident. We find the sum awarded grossly insufficient, and increase the award to the amount that represents the minimum that we feel should have been awarded, $50,000.00. Reck v. Stevens, 373 So.2d 498 (La.1979); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
On the date of the accident, May 14, 1981, Mrs. Perrette went to the emergency room of Slidell Memorial Hospital, where she was treated and discharged. The next week she went to Dr. Nix, her personal physician, a general practitioner in Slidell. She then went to see Dr. Diamond, an orthopedic surgeon, who placed her on therapy. She next went to see Dr. David Jarrott, a neurosurgeon, because, she testified, the therapy wasn't working. Dr. Jarrott first examined Mrs. Perrette in June of 1981, about six weeks after the accident, again in September of 1981. He later saw her again in May and June of 1983. During the period between September of 1981 and May 7, 1983, Mrs. Perrette was treated by Dr. Thomas Purser, an orthopedist, on a frequent basis. Dr. Purser put Mrs. Perrette in Pearl River County Hospital several times, but Mrs. Perrette experienced severe pain in the neck, upper back, and lower back, and headaches. Mrs. Perrette testified she continues to experience pain.
Mrs. Perrette is a fifty-eight year old housewife, who before the accident was active, and took care of her invalid octogenerian mother and her invalid husband, as well as a retarded son. She is now barely able to perform her duties, and keeps her activities, in the home and out, to a minimum, she testified.
Dr. Jarrott's and Dr. Purser's testimony was taken by deposition. Only one other physician's testimony was taken, that of Dr. Ray J. Haddad of New Orleans, an orthopedic surgeon who saw Mrs. Perrette at the request of defendant. Dr. Haddad's testimony was taken also by deposition.
The trial court in written reasons for judgment indicated it preferred the testimony of Dr. Jarrott to that of Dr. Purser, and indicated the testimony of the two was in conflict. Although there might seem to be a slight difference in emphasis between the testimony of the two physicians, their testimony is in accord on the key points pertinent to recovery. Neither indicated he suspected Mrs. Perrette was malingering. Both testified she had an antecedent arthritic condition, which first manifested itself upon and was aggravated by the accident sued upon. The physicians both felt Mrs. Perrette was suffering real and severe pain, resulting from a possibly herniated *65 disc, which left her unable to perform at even approaching normal level. She is constantly required to take medication for pain, and does not desire to consider surgery not only because of her fear of anesthesia and her doubt that back surgery would be successful, but also because she has responsibilities to her mother, husband and son, all of whom require constant care. She for similar reasons has not had a myelogram. Although an injured party is obligated to submit to reasonable medical treatment, including surgery, to mitigate damages the burden is on the defendant to show to what extent damages should be mitigated. Garsee v. Western Casualty and Surety Co., 437 So.2d 933 (La.App. 2d Cir.1983), writ denied 440 So.2d 763 (1983); Reeves v. Travelers Insurance Co., 329 So.2d 876 (La.App. 2d Cir.1976). In the present case, the City of Slidell made no effort through medical testimony or otherwise to show the extent of possible mitigation of damages if surgery were performed, or the countervailing risk should surgery turn out unsuccessfully. No argument was submitted on mitigation of damages on behalf of the City of Slidell. We therefore decline to gauge the award of damages upon the risk laden possibility of corrective surgery.
We find the trial court's award of $15,000.00 damages clearly insufficient, and increase the sum to $50,000.00, which, as we have stated, is the lowest sum that should be awarded, considering the severity and permanent nature of the injuries sustained by Mrs. Perrette.
After having made a determination of the sufficiency of the award (or lack of it) we are to look to awards made in other cases as a general guide, bearing in mind that no two factual circumstances are alike and that we must increase the sum awarded to the minimum sum that is within the reasonable discretion of the trial court. Reck v. Stevens, supra; Gaspard v. LeMaire, supra. We note that in two cases, in which a herniated disc was sustained, the plaintiff was awarded the sum of $100,000.00, as general damages. See Abshire v. Dubois, 422 So.2d 611 (La.App. 3rd Cir. 1982), writs denied 427 So.2d 868 (1983); Huval v. Sinitiere, 376 So.2d 548 (La.App. 3rd Cir.1979). In the present case we cannot say with certainty that the injuries are as severe as those sustained in Abshire and Huval. The full extent of Mrs. Perrette's injuries, in view of her understandable reluctance to undergo a myelogram, are unknown and may never be known. We are thus dealing with an unknown and unknowable factual situation. In view of the consistent testimony of Dr. Jarrott and of Dr. Purser, that Mrs. Perrette has sustained some sort of disc injury, we feel the award of $15,000.00 made by the trial court was unduly low. We find that, while the trial court might have been justified in rendering of a judgment for a greater amount, certainly $50,000.00 is the minimum sum that was within the reasonable discretion of the trial court. We therefore increase the award to $50,000.00.
The sum awarded Mrs. Perrette is therefore increased to $50,000.00, and the judgment of the trial court amended accordingly and as amended affirmed, all costs to be paid by the City of Slidell.
AMENDED AND AFFIRMED.