ON APPLICATION FOR REHEARING
Before GARRISON, KLEES, LOBRANO, WILLIAMS and PLOTKIN, JJ.
PER CURIAM.
On rehearing, additional arguments were heard by a five judge panel regarding the adequacy of plaintiffs general damages award. After considering the following cases in which plaintiffs suffered injuries similar to those suffered by the plaintiff in the instant case, we have determined that the amount awarded to plaintiff for general damages in our original opinion was inadequate.
In Riley v. Winn-Dixie Louisiana, Inc., 489 So.2d 931 (La.App. 5th Cir.1986) writ denied at 494 So.2d 329 (La.1986), the plaintiff slipped and fell on smooth tile in a grocery store. Shortly thereafter, she began to experience pain and stiffness in the neck and lower back. An orthopedic surgeon who examined the plaintiff diagnosed her as having sustained “soft tissue injuries, contusions and strains superimposed on a pre-existing disease in the neck and hip.” Riley, supra. After conservative treatment received from that doctor and two others did not result in any relief to the plaintiff, she consulted a neurologist who recommended surgery for a possible herniated disc which was causing plaintiffs low back pain. The neurologist referred her to a neurosurgeon who agreed that plaintiffs condition required surgery. Subsequently, the neurosurgeon performed a lumbar laminectomy on plaintiff.
The court in Riley found that the jury’s general damages award to plaintiff of $30,-000.00 was inadequate in light of the medical evidence and record in that case. The Riley court increased plaintiff’s general damages award to $100,000.00, finding that amount to be the low end of the range for general damages awards for plaintiffs with similar injuries citing the following cases and general damages awards: Johnson v. Wicks, 356 So.2d 469 (La.App. 1st Cir.1977) —$113,024.00; Williams v. City of New Orleans, 433 So.2d 1129 (La.App. 4th Cir.1983) — $125,000.00; Abshire v. Dubois, 422 So.2d 611 (La.App. 3rd Cir.1982) — $100,-000.00.
In Redondo v. Consolidated Freightways Corporation of Delaware, 529 So.2d 1296 (La.App. 4th Cir.1988), writ denied, 533 So.2d 363 (La.1988), the plaintiff suffered a lower back injury in a vehicular collision. After receiving conservative treatment for the low back pain, he underwent a microsurgical laminectomy to remove a portion of a ruptured disc. The jury verdict of $100,000.00 to plaintiff included lost wages and medical expenses, leaving only $16,568.05 of the total verdict for general damages. This court concluded, on the basis of the cases cited above, that the minimum award to plaintiff for general damages should have been $100,-000.00. Therefore, this court increased plaintiff’s total damages to $183,431.85.
In the instant case, the plaintiff sought treatment for injuries suffered in a vehicular collision. He underwent conservative treatment for neck and back pain until an orthopedic surgeon suspected that plaintiff had a herniated disc in the lumbar region. That surgeon later performed lumbar disc surgery on plaintiff to correct that problem. This accident also aggravated plaintiff’s pre-existing hip problems.
In light of these injuries and the jurisprudence cited above, we conclude that the general damages award to plaintiff must be increased to $100,000.00. Accordingly, judgment is rendered in favor of plaintiff *202 and against defendants for the total sum of $173,384.20 together with legal interest from the date of judicial demand until paid and all costs of these proceedings.
AMENDED AND AFFIRMED.
WILLIAMS, J., dissents with reasons.