**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-30900
Summary Calendar

MICHAEL DAVIS,

Plaintiff-Appellee,

V.

JOE GRIDER; ET AL.

Defendants,

AMERICAN INTERNATIONAL INSURANCE CO.,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
Civil Action 98-2271

May 5, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[1]

Defendant-Appellant American International Insurance Company ("AIIC"), appeals a judgment in favor of Plaintiff-Appellee, Michael Davis ("Davis"), for injuries sustained as a result of an automobile accident. Although we affirm the district court's determination with respect to mitigation of damages, because Davis failed to present evidence with regard to coverage and liability, we reverse and remand.

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

**FACTUAL HISTORY AND PROCEEDINGS BELOW**

Davis was involved in an automobile accident on August 9, 1996, with an automobile owned by Avis Rental Car Co. Davis alleged that he was traveling as a guest passenger when a vehicle driven by Joe Grider ("Grider") struck his automobile from behind. Davis also alleged that the vehicle driven by Grider was insured under an automobile liability policy issued by AIIC. As a result of this incident, Davis sustained personal injuries. Davis sued Grider[2] and AIIC in Louisiana state court on August 7, 1997, for damages arising out of the accident. AIIC removed the case to federal court based on diversity.

A pretrial order was drafted and filed with the clerk of court on June 28, 1999. In that pre-trial order, the following pertinent facts were listed as contested by Davis: (1) whether Joe Grider rear-ended the vehicle in which Davis was a passenger and (2) whether AIIC provided automobile insurance coverage on the vehicle operated by Grider.[3]

Approximately ten days after the filing of this pre-trial order, a pre-trial conference was held in which all counsel of record held discussions regarding the necessity of producing witnesses and exhibits at trial. Davis alleges that at this conference counsel for AIIC indicated that liability was "not a

---

[2] Grider was originally named as a defendant but was subsequently dismissed without prejudice on January 20, 1999, because Davis failed to timely effect service upon him.

[3] In addition, under the heading of "Uncontested Material Facts," the pre-trial order stated that the parties were "unaware of any uncontested material facts."

serious issue" and that it would be unnecessary for Davis to produce witnesses to prove liability on the part of Joe Grider.[4] In addition, Davis asserts that counsel for AIIC admitted that coverage for the accident existed and, consequently, Davis need not produce a representative of AIIC to testify nor introduce a policy into evidence. AIIC argues that no such stipulations took place.

AIIC argued in the alternative that Davis failed to mitigate the damages he received as a result of the accident. Specifically, AIIC asserts that Davis worsened his injuries because he failed to complete his physical therapy regimen. The district court found that Davis did not fail to mitigate his damages.

After a bench trial on the merits, the district court entered judgment in favor of Davis and AIIC filed this timely appeal.

### STANDARD OF REVIEW

The district court's decision to modify a pre-trial order will not be disturbed on appeal absent an abuse of discretion. *See Southwestern Engineering Co v. Cajun Elec. Power Coop., Inc.*, 915 F.2d 972, 979 (5th Cir. 1990). Whether the district court in this case modified its pre-trial order depends upon whether the alleged stipulations regarding insurance coverage and liability took place. The district court's factual determination as to

---

[4] Those witnesses include the owners of the vehicle in which plaintiff was a passenger and the investigating officer at the scene of the accident.

-3-

whether the stipulations occurred, thereby modifying the pretrial order, is reviewed for clear error. *See Accura Systems, Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 876 (5th Cir. 1996). The district court's factual determination whether Davis failed to mitigate his damages is reviewed for clear error. *See id.*

## DISCUSSION

### I. Subject-Matter Jurisdiction.

Davis avers for the first time in his response brief that the district court lacked diversity jurisdiction solely because the amount in controversy did not exceed $75,000.[5] *See* 28 U.S.C. § 1332(a) (1994). He argues that AIIC merely alleged conclusory statements in its removal papers regarding the amount in controversy. AIIC argues that it is "facially apparent" from Davis's petition that the claims are above the requisite amount in controversy.

This circuit utilizes a clear analytical structure to evaluate subject matter jurisdiction for cases filed in Louisiana state courts that assert no damage amount and are removed to federal court based on diversity. *See Simon*, 193 F.3d at 850-52; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.

---

[5] Notwithstanding the fact that Davis brought up this challenge to the district court's subject matter jurisdiction for the first time on appeal, "a party may neither consent to nor waive federal subject matter jurisdiction. Federal courts may examine the basis for jurisdiction *sua sponte*, even on appeal." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citations omitted); *see also id.* at 851 ("The [plaintiff's] failure to object to removal or jurisdiction . . . does not relieve [the defendant] of its burden to support federal jurisdiction at the time of removal.").

-4-

1999).

> In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth *facts* in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount."

*Luckett*, 171 F.3d at 298 (citations omitted).

In the case *sub judice*, AIIC filed no affidavits with its notice of removal nor set forth any facts in controversy in that notice. It merely alleged in a conclusory manner that the amount in controversy exceeded the requisite jurisdictional amount. Thus, the district court's jurisdiction was proper if the amount in controversy exceeded $75,000.

Reading the face of Davis's petition, we find that the district court did not err in finding that his claims exceeded $75,000. Based on a tort theory of recovery, Davis prayed for the following damages: past and future medical expenses, past andfuture lost wages, past and future pain and suffering and past and future disability. The district court had subject matter jurisdiction to decide the merits of Davis's claims.

## II. Stipulations as to Insurance and Liability.

The resolution of the issues of coverage and liability centers on what was discussed and agreed to at a July 8, 1999 pre-trial conference between AIIC's counsel and Davis's counsel. Davis argues that stipulations made at this conference (occurring after the filing of the pre-trial order) modified the pre-trial

order which contested the facts of coverage and liability as to Grider.

The pre-trial order was filed on June 25, 1999 and was entered into on July 12, 1999.  Davis's argument is that the events of the July 8th pre-trial conference modified and superceded the pre-trial order which was filed approximately ten days prior.

**A.    Provision of Insurance by AIIC.**

The district court made a specific finding that counsel for AIIC stipulated to insurance coverage of the vehicle that struck Davis.  The basis of this finding--that coverage was agreed to in the pre-trial conference--contrasts (or otherwise modifies) the written pre-trial order which listed coverage as a contested fact.  AIIC asserts that no such stipulation was made during the July 8, 1999, pre-trial conference.  Davis did not introduce evidence at trial in support of finding coverage.  We find nothing in the record to support this finding.

"A trial court has 'broad discretion in determining whether or not a pretrial order should be modified or amended.'"  *El Paso Refinery v. Scurlock Perman Corp.*, 171 F.3d 249, 255 (5th Cir. 1999) (quoting *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1369 (5th Cir. 1983)); *see also* FED R. CIV. P. 16(e).  The trial court found that the parties agreed that coverage was admitted; however, "nothing in the transcript or in any order or writing whatever--including any letter to or from the court or any of the parties or counsel or even any informal notes of the court,

counsel, or anyone else--reflects such or any similar agreement." *Conkling v. Turner*, 138 F.3d 577, 588 (5th Cir. 1998). The district court abused its discretion[6] in modifying the written pre-trial order and finding that coverage had been stipulated without some support in the record that the parties so agreed.

## B. Liability of Grider.

Davis asserts that, at the July 8, 1999 pre-trial conference, in direct response to the Judge's question regarding the necessity of producing witnesses, counsel for AIIC stated that it would not be necessary for Davis to produce the owner and the operator of the vehicle or the investigating officer because liability was not "a serious issue." Relying upon these assurances, Davis did not produce any such witnesses nor an AIIC insurance policy.

This argument that the district court specifically found that liability was stipulated is based on the following passage from the trial transcript:

> Thank you. Okay. We'll start right there and say that at the pre-trial conference that insurance coverage was admitted and although liability was not admitted, it was represented but it was not a serious issue, and therefore, I will begin by finding that the Plaintiff was a passenger in an automobile that was rear-ended by the Defendant and, therefore, the vehicle which was operated by Joe Grider and insured by American International Insurance Company was the sole cause of the accident.

Although a finding as to coverage was made by the district

---

[6] The district court abused its discretion by relying on its clearly erroneous factual finding that the stipulation asserted by Davis actually occurred.

court in this passage, we find that the district court did not specifically make a finding regarding liability. The district court merely found that liability was "represented [as] . . . not a serious issue." Because the district court did not make a finding that liability was stipulated and Davis did not present any proof as to liability, the judgment for the plaintiff was in error.

## III. Mitigation of Damages.

AIIC argues that the district court's factual determination that Davis did not fail to mitigate his damages was clearly erroneous. Under Louisiana law, AIIC has the burden of showing that Davis failed to mitigate his damages. *See Gates v. Shell Oil*, 812 F.2d 1509, 1515 (5th Cir. 1987) (citing *Perrette v. City of Slidell*, 465 So.2d 63, 65 (La. Ct. App. 1985)). AIIC must show that Davis's failure to follow his prescribed treatment more probably than not worsened his condition. *See Porter v. State*, 701 So.2d 1069, 1072 (La. Ct. App. 1997).

AIIC failed to meet its burden with respect to this issue. At most, the evidence presented at trial suggests that it was "possible" that Davis's failure to complete his physical therapy regimen worsened his condition. The trial court's ruling that Davis did not mitigate his damages was not clearly erroneous.

## CONCLUSION

The district court's finding that AIIC insured the vehicle which struck appellee is REVERSED and REMANDED. Because the district court failed to make a finding as to liability on the

-8-

part of Joe Grider and because Davis failed to provide proof of such liability, the district court's award of damages to Davis is REVERSED and REMANDED.  The district court's finding that Davis did not fail to mitigate his damages is AFFIRMED.

AFFIRMED in part, REVERSED in part and REMANDED.