319 So.2d 419 (1975)
Ludy YOUNG
v.
SENTRY INSURANCE COMPANY.
No. 56752.
Supreme Court of Louisiana.
October 13, 1975.
Writ denied. On the facts found by the Court of Appeal, the result is correct.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting from the refusal to grant writs).
"The owner of an animal is answerable for the damage he has caused ...." La.Civil Code art. 2321.
"No person owning livestock shall knowingly, willfully or negligently permit his livestock to go at large upon the following public highways of this state:... U.S. 190 ...." La.R.S. 3:2803.
Conceding that these statutory standards are the basis for its decision, the Court of Appeal asserts that it is "well settled that when an automobile strikes a horse or cow on one of the aforementioned `stock law' highways, the burden of proof rests upon the owner of the animal to exculpate himself from `even the slightest degree of negligence'." Only opinions of the intermediate appellate courts are cited to support this conclusion. 315 So.2d 93 (La.1975).
Relying upon these decisions, the Court of Appeal concludes:
"Thus, a legal presumption of fault or negligence on the part of the animal's owner is created in such cases. In order to rebut same the defendant must not only show that he has taken all reasonable and prudent measures and precautions to enclose his livestock, but must also explain the presence of the animal on the highway by showing when, where, and how the animal escaped from its enclosure, that is, his complete freedom from fault." 315 So.2d at page 95.
In light of the statutes quoted, the conclusions of the Court of Appeal are erroneous. The proper standard to determine the animal owner's liability is clearly set forth in Section 2803 of Title 3 of the Revised Statutes. It is a standard established as an implementation of the broader principle expressed in Article 2321 of the Civil Code. Taken together, these enactments require as a prerequisite to liability of the animal owner that he shall "knowingly, willfully or negligently" permit his livestock to go at large. This requirement is a far cry from the rule the Court of Appeal applies imposing the burden of proof upon the owner of the animal to exculpate himself from "even the slightest degree of negligence" instead of requiring, as in all other tort and civil cases, that the plaintiff establish by a preponderance of evidence that the animal owner has "knowingly, willfully or negligently" permitted his livestock to go at large.
When Section 2803 is read in its proper context "knowingly" and "willfully" impregnate the requirement of "negligently" with a meaning not ordinarily attributed to that word. In my view the words are used conjunctively to require that the negligence be above the ordinarythat is, the statute requires knowing and willful negligence.
*420 Such a conclusion is one which a legislature would reasonably and properly arrive at in view of the fact that the propensities of dumb animals cannot be subject to absolute control. And to impose liability as in this instance is to require a degree of care of stock owners which is beyond the bounds of reason; a degree of care which would impose an unnecessary deterrent upon agricultural endeavors at a time when this industry has assumed such vital proportions in society.
The rule invoked by the Court of Appeal moreover shifts the burden of proof to the animal owner. There is no justification for this onerous obligation. It is such an elementary proposition that the burden of establishing the material allegations relied on for recovery in a tort or other civil case is on plaintiff that an extensive citation of authority is unnecessary. La.Civil Code art. 2232; Wichers v. New Orleans Acid & Fertilizer Co., 128 La. 1011, 55 So. 657 (1911). And it is not sufficient for a party on whom the burden of proof rests to make out a probable case. He must show by legal testimony, with reasonable certainty, the existence and verity of his demands. Byrne Vance & Co. v. Grayson, 15 La.Ann. 457 (1860). The proof of negligence must be strong. Ranson v. Labranche, 16 La.Ann. 121 (1861). It is a legal axiom that in case of doubt and difficulty the conclusion ought to be in favor of the party who strives to avoid a loss rather than in favor of the party who seeks to secure a gain. Furlow v. Maison Blanche, 2 La.App. 351 (1925). In the instant case, therefore, the law charges that plaintiff must make out a prima facie case by a preponderance of the evidence that the animal owner has "knowingly, willfully or negligently" permitted his horse to go upon the public highway. Rose v. Shaw, 144 La. 571, 80 So. 727 (1919); Morris v. Vining, 49 So.2d 458 (La.App. 1950). Judged by this test, the Court of Appeal decision should not stand.
The refusal of this Court to recognize the implications of the Court of Appeal decision and its erroneous and over-liberal interpretation of clear and explicit statutory standards is palpable error of law. This action follows the reprehensible trend this Court adopted in Holland v. Buckley, 305 So.2d 113 (La.1974), a decision which, by a narrow 4-3 margin, repudiated a long line of this Court's decisions beginning in 1883 with Montgomery v. Koester, 35 La.Ann. 1091, decisions in which this Court and the Courts of Appeal had consistently rejected the contention that absolute liability should be imposed in these cases. To the contrary, throughout this State's jurisprudence the courts adhered to the proposition that, except in a clear case where a statute imposed absolute liability, there would be no liability without fault. Shawhan v. Clarke, 24 La.Ann. 390 (1872).
By degrees, it may be supposed, upon this Court's concept of a need for social change, strict liability is to be imposed on a step-by-step basis, even as in this tort case where a different legislative standard has been ordained.
In my view the writ should be granted to correct this erroneous trend.