640 So.2d 304 (1994)
William J. WILLIS et ux
v.
Welton LECOMPTE et al.
No. 93-167.
Court of Appeal of Louisiana, Third Circuit.
February 9, 1994.
Writ Denied April 22, 1994.
*305 Rex Douglas Townsley, Lake Charles, for William J. Willis et ux.
James Edward Burks, Lake Charles, for Welton Lecompte et al.
H.O. Lestage, III, De Ridder, for Herbert Johnsons et ux, and State Farm.
Lee Andrew Gallaspy, Lafayette, for Allstate Ins. Co.
Before COOKS, SAUNDERS and WOODARD, JJ.
WOODARD, Judge.
This lawsuit arises out of an automobile accident that occurred when plaintiffs' vehicle collided with defendant's horse, which had escaped from its enclosure.

FACTS
On November 28, 1989, plaintiff, William J. Willis, was driving along the Topsy-Bell Road in Jefferson Davis Parish when he collided with a colt owned by defendant, Welton Lecompte. Plaintiff's wife, Janice Willis, was a guest passenger in the vehicle.
The horse escaped from a pasture located on property on which Mr. Lecompte maintained a residence. The record owners of this property are defendants, Gloria and Herbert Johnson, Mr. Lecompte's sister and brother-in-law. In 1989, Mr. Lecompte wished to purchase this property himself but was unable to do so because of tax liens in his name. He, therefore, approached the Johnsons, who agreed to borrow the funds to purchase the property with the understanding that Mr. Lecompte would occupy the premises and pay them a sum equal to the monthly notes. The Johnsons secured a mortgage loan and purchased the property on November 3, 1989.
*306 Located on this rural six acre piece of property was a house and a barn. The property was surrounded by a fence, with the exception of a small portion along the road in front of the house. In addition, a portion of the interior of the property was fenced, providing two pastures. The fencing was all new and had new iron factory gates which provided access to the pastures. The gates were secured with an iron rod fastened with a screw clamp. There were no cattle guards on the property, however, the fence along the road was electrically charged.
Plaintiffs filed this suit seeking damages for the personal injuries and property damage they sustained in the accident. Named as defendants were Welton Lecompte, Herbert Johnson, Gloria Johnson, and State Farm General Insurance Company. Defendant, Welton Lecompte, filed a cross claim against State Farm for damages and attorney's fees for its alleged failure to provide him a defense under the Johnson's policy of insurance. In addition, Allstate Insurance Company, plaintiffs' automobile liability insurer, intervened to recover property damages and medical expenses which it paid to or on behalf of plaintiffs.
The trial court rendered judgment against the plaintiffs on their claim for damages, against Welton Lecompte on his cross-claim, and against Allstate on its claim in intervention. All claims were dismissed with prejudice.
It is from this judgment that plaintiffs appeal, asserting the following assignments of error: (1) the trial court erred in finding that Lecompte satisfied his burden of proving when, where, and how the animal escaped from its enclosure; (2) the trial court erred in finding that Lecompte was a lessee of the property and not an owner, and thus, that insurance coverage did not exist for Lecompte; (3) the trial court erred in finding a strict liability theory was inapplicable to the Johnsons as landowners; and (4) the trial court erred in finding that the Johnsons were not negligent in failing to properly maintain the property.

LIABILITY OF LECOMPTE
When a domesticated animal harms someone, the owner of the animal is presumed to be at fault, and is, thus, strictly liable for the damages caused by the animal. La.Civ.Code art. 2321; Holland v. Buckley, 305 So.2d 113 (La.1974). A horse is considered a domesticated animal. Smith v. State Farm Fire & Cas. Co., 381 So.2d 913 (La. App. 3 Cir.1980). The owner may exculpate himself from his presumed fault only by showing that the harm was caused (1) by the fault of the victim; (2) by the fault of a third person for whom he is not responsible; or (3) by a fortuitous event. Holland, supra.
At trial, in the case, sub judice, the parties stipulated that the road at the site of the accident is a paved public road located in Ward Nine of Jefferson Davis Parish, which is a "closed range area" governed by Ordinance Number 610, Sec. 5-40. It is well settled that when an automobile strikes a horse or cow in a closed range area, the burden of proof rests upon the owner of the animal to exculpate himself from "even the slightest degree of negligence." Abshire v. Dubois, 422 So.2d 611, 613 (La.App. 3 Cir. 1982); Young v. Sentry Insurance Company, 315 So.2d 93 (La.App. 3 Cir.), writ denied, 319 So.2d 419 (La.1975). In order to rebut this presumption, the defendant must show that he has taken all reasonable and prudent measures to enclose his livestock, and must also demonstrate when, where, and how the animal escaped from its enclosure. Abshire, supra; Young, supra.
Plaintiffs argue that Mr. Lecompte failed to carry his burden of proving when, where, and how his horse escaped from its enclosure. At trial, Mr. Willis testified that Mr. Lecompte told him that the gate to the pasture was "evidently" left open by a friend who had returned a piece of equipment borrowed from Mr. Lecompte. The trial court relied on this conjecture and concluded that Mr. Lecompte was not liable because the gate was left open by an unidentified third party who had returned Mr. Lecompte's equipment. We find that this supposition is insufficient to rebut the presumption of liability, and that the trial court erred in relying *307 on it because it is not competent evidence.
Competent evidence is evidence which tends to establish a fact in issue and does not rest on mere surmise or guess. Clifton v. Arnold, 87 So.2d 386 (La.App. 1 Cir.1956). The evidence that the gate was left open by a third person is based upon mere speculation by Mr. Lecompte, as remembered by Mr. Willis. Furthermore, Mr. Lecompte did not even remember making this statement to Mr. Willis. Mr. Lecompte testified at trial that he did not tell Mr. Willis anything about why the gate was open. He stated he did not know why the gate was open. Mr. Lecompte must establish his defense to a legal certainty by a reasonable preponderance of the evidence. Speculation, conjecture, mere possibility and suspicion are not sufficient to establish a defense. Willis v. Continental Casualty Company, 194 So.2d 785 (La.App. 2 Cir.1967). Because there is no competent evidence regarding the fault of a third person, Mr. Lecompte failed to rebut the presumption of his liability. Contrast Motion Industries, Inc. v. LeBlanc, 532 So.2d 498 (La.App. 1 Cir.1988). We, therefore, reverse the judgment of the trial court as to this issue and find Mr. Lecompte liable to plaintiffs for the damages caused by his horse.

INSURANCE COVERAGE
Plaintiffs next argue that Mr. Lecompte is covered by a policy of insurance issued by State Farm to Mr. and Mrs. Johnson. The policy was a rental dwelling policy designed to cover the owners of leased property. The policy did not extend coverage to lessee of the property. Plaintiffs argue that Mr. Lecompte is the true owner of the property on which he resides because he is providing the funds for payment of the monthly note. As the Johnsons are the record owners of the property, the trial court rejected this argument and concluded that the Johnsons are the owners of the property and that Mr. Lecompte is merely a lessee, with the right to own the property when the mortgage is satisfied. We find no error in this determination. Because Mr. Lecompte was a lessee of the property at the time of the accident, he was not covered by the policy of insurance. This assignment of error has no merit.

LIABILITY OF THE JOHNSONS
In their third assignment of error, plaintiffs contend the trial court erred in failing to find the Johnsons strictly liable for their damages. Plaintiffs argue that the Johnsons, as the property owners, are strictly liable because they failed to provide padlocks to secure the gates and failed to provide cattle guards to prevent the horses from leaving the property.
It is well settled in Louisiana that an owner of leased premises cannot be held strictly liable to a third person for injuries caused by the lessee's animals. Boettger v. Early American Ins. Co., 469 So.2d 495 (La. App. 3 Cir.1985); Parr v. Head, 442 So.2d 1234 (La.App. 5 Cir.1983). The trial court in the case, sub judice, determined that the Johnsons' failure to provide cattle guards or padlocks for the gate does not constitute a vice or defect in the property, and we find no error in this determination.
Finally, we note that plaintiffs have failed to brief their fourth assignment of error, thus, it is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

DAMAGES
We must now determine the amount of damages to which plaintiffs are entitled.
It was stipulated at trial that the property damage to plaintiffs' vehicle as a result of the accident was $4,208.89. Thus, we award this amount to plaintiffs for property damage.
Next, we find plaintiffs are entitled to damages for the injuries they sustained in the accident. The record reveals that Mr. Willis' medical expenses totalled $5,297.46. He injured his right thumb, neck and lower back. His thumb was in a cast for four weeks, and he underwent physical therapy, chiropractic treatment and rehabilitative treatment for his other injuries.
Dr. John Masse, a chiropractor, testified that Mr. Willis sustained a cervical sprain and also had neck pain and headaches as a *308 result of the accident. The headaches occurred off and on throughout his treatment of Mr. Willis, which ended November 12, 1990. Dr. Dale Bernauer, an orthopedic surgeon, testified that the injury to Mr. Willis' back was an aggravation of a previous back injury. According to Dr. Bernauer, Mr. Willis' previous back injury resulted in a twenty-five percent disability to his back with a lifting restriction of thirty-five pounds. After the accident, Dr. Bernauer found Mr. Willis had a fifty percent disability to his back with a twenty-five pound lifting restriction. The record reveals Mr. Willis was not working at the time of the accident, due to his prior disability. In light of these considerations, we find Mr. Willis is entitled to an award of $5,297.46 for medical expenses and $28,500.00 for general damages.
Mrs. Willis was also injured in the accident. She sustained trauma to her jaw which has resulted in continuing neck and facial pain. She was treated by Dr. Steven Latiolais, a dentist, who testified that Mrs. Willis had myo-facial pain syndrome, with symptoms similar to temporomandibular joint (TMJ) disorder. Dr. Lionel de la Houssaye, an oral and maxillofacial specialist, diagnosed muscular pain in the jaw area. Mrs. Willis underwent splint therapy, physical therapy and rehabilitative treatment, and she testified at trial that she still has some pain in her jaw behind her ear, and down her neck. The record reflects Mrs. Willis had medical expenses of $8,440.86 as a result of the accident. We, therefore, award Mrs. Willis this amount for medical expenses. We also find that she is entitled to $10,000.00 for general damages.
Mrs. Willis also claims damages for loss of consortium as a result of the injury to her husband's back. The sole evidence on this issue is the testimony of both plaintiffs that Mr. Willis' back injury "affected their marital relationship" for about five months. According to Mr. Willis, the pain in his back resulted in less frequent sexual relations during this time. In light of this testimony, we find Mrs. Willis is entitled to an award of $2,000.00 for loss of consortium.

CONCLUSION
For the foregoing reasons, the judgment dismissing with prejudice plaintiffs' action against defendant, Welton Lecompte, is reversed. Judgment is hereby rendered in favor of plaintiffs, William J. Willis and Janice Willis, and against defendant, Welton Lecompte. Plaintiffs are entitled to the following damages: $4,208.89 for property damage; $5,297.46 for Mr. Willis' medical expenses; $28,500.00 for Mr. Willis' general damages; $8,440.86 for Mrs. Willis' medical expenses; $10,000.00 for Mrs. Willis' general damages; and $2,000.00 for Mrs. Willis' loss of consortium claim.
In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellee, Welton Lecompte.
REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.