670 So.2d 783 (1996)
Ector J. BOLZONI, Plaintiff-Appellant,
v.
Winston THERIOT, et al., Defendants-Appellees.
No. 95-1233.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
Writ Denied April 26, 1996.
*784 Allen L. Smith, Jr., Lake Charles, for Winston Theriot et al.
Richard Phillip Ieyoub, Brenda S. Nation, Baton Rouge, for State of Louisiana DOTD.
Robert M. McHale, Michael H. Schwartzberg, Lake Charles, for Dorothy Bolzoni Conca et al.
Before COOKS, DECUIR and GREMILLION, JJ.
DECUIR, Judge.
Ector Bolzoni appeals the granting of a motion for summary judgment in favor of defendants, Winston Theriot and Louisiana Farm Bureau Casualty Insurance Company. We affirm.
This suit arises out of a collision on March 13, 1992, between a vehicle driven by Ector Bolzoni and a cow owned by Winston Theriot on Louisiana Highway 82 in rural Cameron Parish, Louisiana. Defendants, Theriot and his insurer, Louisiana Farm Bureau Casualty Company, filed a motion for summary judgment on the grounds that pursuant to Cameron Parish Ordinance 4-42, plaintiff must prove that defendant, as the owner of the cow, either knowingly or willfully permitted his cow to roam at large on Highway 82. Defendants submitted deposition testimony and affidavits purporting to show there exists no genuine issue of material fact that Winston Theriot did not knowingly or willfully permit his livestock to roam at large on Highway 82. Plaintiff thereafter filed a supplemental petition adding the State of Louisiana, Department of Transportation and Development as a party defendant and alleging Cameron Parish Ordinance 4-42 to be unconstitutional.
La.R.S. 3:2803 provides that no person owning livestock shall knowingly, willfully, or negligently permit his livestock to go at large upon certain public highways, which highways are specifically listed in the statute. The section of the highway upon which the accident in the instant case occurred is not one of the listed highways. La.R.S. 3:3001 is a specific legislative grant to each ward of every parish in the state the right, by local option election, to regulate livestock on public roadways not included in La.R.S. 3:2803. Cameron Parish Ordinance 4-42, which governs the highway at issue, provides that subject to any exceptions that may be provided in this division, no person owning livestock shall knowingly and/or willfully permit his livestock to roam at large.
Finding Ordinance 4-42 applicable, the trial court found no genuine issue of material fact that defendant did not knowingly or willfully allow his livestock to roam. Plaintiff offered no contradictory evidence on this point. In fact, plaintiff admits in brief that he cannot contradict the evidence submitted by defendants.
Plaintiff contends Ordinance 4-42 is unconstitutional and impermissibly contradicts state law. We disagree. The highway at issue is not included in La.R.S. 3:2803; and pursuant to La.R.S. 3:3001, the Cameron Parish Police Jury has the authority to regulate livestock on public highways within the parish. Ordinance 4-42, enacted pursuant to that authority, prohibits owners of livestock from knowingly and/or willfully allowing livestock to roam on the unclassified public highways within the parish. If an owner's animal is on an "open range" highway through mere negligence, the ordinance is not violated.
Furthermore, we find no error in the trial court's ruling that plaintiff failed to establish by clear and convincing evidence that the ordinance at issue is unconstitutional, and we adopt the trial judge's well written reasons on this issue as follows:
An ordinance is presumed to be constitutional, and the party attacking it has the burden of establishing by clear evidence that the ordinance is unconstitutional. Hi-Lo Oil Company v. City of Crowley, 274 So.2d 757 (La.App. 3d Cir.1973). The *785 test of whether an ordinance or regulation is a constitutionally valid exercise of police power depends on whether the regulation is reasonable and whether it is designed to accomplish a purpose properly falling within the scope of the police power. As pointed out in the Harrington cases, a distinction between livestock and other domestic animals is a rational distinction. The legislature has given the parishes the power to set a standard of care for livestock on highways not covered by LRS 3:2803. There is no conflict between parish ordinance or state statute and the parish ordinance has not been shown to be unreasonable. It is designed to accomplish a purpose falling properly within the scope of the police power. Hi-Lo Oil Company, supra.
The plaintiff also asserts that the ordinance denies an injured party access to the court. There is no basis for this argument. The right to recover in tort is not a fundamental right given constitutional protection. As discussed, the legislature has the power to change the bases for liability as it relates to any given activity and may even provide for differing standards of care depending upon circumstances or locale.
Finally, defendants request damages for frivolous appeal for the first time in their reply brief on appeal. Pursuant to La.Code Civ.P. art. 2133, defendants are required to answer the appeal not later than fifteen days after the return day or lodging of the record, whichever is later, in the event damages are demanded against appellant. This was not done. Therefore, defendants' request for damages is denied. Mai v. Blair, 634 So.2d 1202 (La.App. 3 Cir.1993).
Costs of appeal are assessed to plaintiffappellant.
AFFIRMED.