|,KUHN, J.
This appeal addresses whether a rental dwelling policy provides liability coverage to the named insured defendants for injuries allegedly arising out of their use of a residence as lessees. The trial court concluded the policy did not afford coverage and granted the insurer’s motion for summary judgment. Plaintiffs have appealed. We affirm.
I. FACTS AND PROCEDURAL BACKGROUND
Plaintiffs, R. and C. Y’Barbo, A. and Y. Robichaux, and R. and T. Underwood, filed suit individually and on behalf of their respective minor children, H. Y’Barbo, J. Robichaux, and S. Underwood. David M. Diamond, Sr., his wife, Diane Diamond; and ABC Insurance Company, the Diamond’s unknown insurer; were among the named defendants. State Farm Fire and Casualty Company (“State Farm”) responded to the petition, identifying itself as the Diamonds’ insurer, but asserted that the policy issued to the Diamonds did not provide coverage for the claims asserted by plaintiffs.
Plaintiffs alleged that during 1997 and 1998, another defendant, Brian Yost, engaged in various acts of inappropriate sexual conduct with the minor children. Plaintiffs asserted that during September of 1997 (and specifically on September 26, 1997), Yost had sexual encounters with each of the children while at the Diamonds’ residence, located at 16342 Caesar Ave. (“Caesar Ave. property”) in Baton Rouge, Louisiana.
The petition further asserts that Yost was employed by defendant, Redeeming Word of Life Academy (“the Academy”) and/or Redeeming Word of Life Church, Incorporated, (“the Church”) as a teacher, coach and youth ministry supervisor, that Mrs. Diamond was a teacher employed by the Academy and a supervisor of Yost, and that Mr. Diamond was the administrator and pastor of the Church and an administrator of the Academy and of Yost. At the time of the alleged incidents, the minor children were members of the Church congregation and two of them were enrolled as students at the Academy. Plaintiffs allege 13that the Diamonds had knowledge of Yost’s conduct and were negligent in: 1) employing Yost; 2) failing to properly supervise Yost; 3) permitting Yost to per *893 form in a supervisory role with young children in social gatherings relating to the Church and the Academy; 4) failing to report incidents of sexual abuse; and 5) failing to warn plaintiffs of the unreasonable risk of harm that Yost presented to the children.[2]
State Farm filed a motion for summary judgment, urging that the only State Farm policy in effect on the applicable date of loss identified in the petition was a rental dwelling policy issued to the Diamonds. State Farm urges the policy provides coverage for property located at an address other than the address at which plaintiffs claim the alleged loss occurred. In support of the motion, State Farm submitted Mr. Diamond’s affidavit. The affidavit states that on September 26,1997, Mr. and Mrs. Diamond resided in but did not own the Caesar Avenue property; they occupied the home as lessees. Also as of that date, Mr. Diamond owned another house located at 9398 W. Coronado Drive (“Coronado Drive property”), in Baton Rouge, Louisiana, in which neither he nor Mrs. Diamond resided.[3] State Farm asserts the rental dwelling policy provides coverage for the Coronado Drive property but does not provide coverage for the Caesar Ave. property. State Farm urged there is no genuine issue of material fact and it is entitled to judgment as a matter of law.
The trial court granted the motion for summary judgment. In oral reasons, the court addressed the various types of coverage available to insure property and explained why the rental dwelling policy did not afford coverage to the premises leased by the Diamonds:
A ‘Rental Dwelling Policy’ covers a residence you own but which you rent to another. A ‘Renter’s Liability policy’ or a ‘Tenant Policy’ provides liability and contents coverage for a building you do not own but rent from another. A ‘Homeowner’s Policy’ covers a home you own and also occupy....
|4In order for the Diamonds to have liability coverage for a dwelling where they reside but do not own, they would have had to obtain a ‘Renter’s Liability Policy.’ This policy would provide liability coverage and personal property coverage but not dwelling coverage. The Diamonds did not obtain a ‘Renters Liability Policy’ for the property they leased at 16342 Caesar Avenue .... ”
The court also determined that the declarations page of the policy reflected that the Caesar Ave. property was referred to only as the mailing address of the insureds and was not listed under the caption “Location of Premises,” where the insured premises was shown. Only the Coronado Drive address was given under this caption. The court concluded that the rental dwelling policy provided the Diamonds with liability coverage for certain damages arising from the Coronado Drive property, but did not provide liability coverage for acts done at another location.
A written judgment was signed that ordered judgment in favor of State Farm and dismissed plaintiffs’ claims. The judgment was designated as a final judgment. Plaintiffs have appealed, urging that the trial court erred in finding: 1) the Caesar Ave. property was not the “residence premises” of the Diamonds; 2) the Caesar Ave. property was not shown in the declarations; and 3) the Caesar Ave. property was not “one or two family premises of which [the Diamonds] acquire[d] ownership or control and for which [the Diamonds] reported your intention to insure under this policy within thirty days after acquisition.”[4]
*894 II. ANALYSIS
Appellate courts review summary judgments de novo under the same criteria that governs the trial judge’s consideration of whether a summary judgment is appropriate. Terrebonne v. Floyd, 99-1036, p .3 (La.App. 1st Cir.5/23/00), 767 So.2d 754. A motion for summary judgment will be granted “if the pleadings, depositions, answers to | ^interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). This article was amended in 1996 to provide that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action .... The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2).
An insurance policy is a contract that constitutes the law between the parties. Pareti v. Sentry Indem. Co., 536 So.2d 417, 420 (La.1988). It should be construed by using the general rules of interpretation of contracts set forth in the Civil Code. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Cas. Co., 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. La. C.C. art. 2045. An insurance contract should be construed as a whole and one portion thereof should not be construed separately at the expense of disregarding another. La. C.C. art. 2050; Crabtree v. State Farm Ins. Co., 93-0509, p. 6 (La.2/28/94), 632 So.2d 736, 741.
The rental dwelling policy in question generally provides coverage to “insured premises,”[5] which includes the “residence premises” (defined in the policy as the “dwelling, other structures, and grounds which is shown in the Declarations”) and “premises of which [the insured] acquire[s] ownership or control” and for which the insured reports his | ¿intention to insure within thirty days of acquisition. Plaintiffs urge that the Caesar Ave. property is a residence premises shown on the declarations page. The declarations page clearly identifies the “LOCATION OF PREMISES” insured under the policy to be the Coronado Drive property address and designates the number of units insured under the policy as “0001.” We find no error in the trial court’s determination that the Caesar Ave. address appears on the declarations page solely as the insured’s mailing address. Thus, we find no merit in the plaintiffs’ argument that the trial court erred in determining that the Caesar Ave. property is not a “residence premises” as defined by the policy.
Plaintiffs urge that because the Caesar Ave. property address appears on the declarations page and because the Diamonds had maintained continuous homeowners’ coverage with State Farm on other properties in which they owned and resided both prior to and after the time they resided in the Caesar Ave. home, it should be presumed that the Diamonds had “reported [their] intention to insure under this *895 policy within 30 days.”[6] State Farm responds that this provision would apply only if the Diamonds had purchased or acquired another rental property, in addition to the Coronado Drive property, to lease out as lessors and had reported their intention to cover the property under the existing rental dwelling policy within thirty days of acquisition.
Initially, we note that plaintiffs do not even contend that the Caesar Ave. property was actually “after-acquired” property; plaintiffs do not assert that 1) the Caesar Ave. property was acquired by the Diamonds after they purchased the rental dwelling policy to insure the Coronado Drive property, and 2) the Diamonds expressly reported an intention to |7add the Caesar Ave. property to the coverage previously purchased for the Coronado Drive property. Thus, we reject plaintiffs’ argument that the Caesar Ave. property is an “insured premises” under the policy language addressing “after-acquired” property. Moreover, we agree with State Farm’s contention that this provision would only provide coverage to the Caesar Ave. property if that property had been acquired by the Diamonds and was rented to others or held for lease as a rental dwelling.
A rental dwelling policy is designed to provide insurance coverage to the owners of property that is rented to others (or held for rental) rather than the lessees of property. See Dufrene v. Duncan, 93-0403, p. 4-5 (La.App. 1st Cir.3/11/94), 634 So.2d 19, 21-22; Willis v. Lecompte, 93-167, p. 4 (La.App. 3d Cir.2/9/94); 640 So.2d 304, 307. A review of the rental dwelling policy at issue supports the trial court’s conclusion that the policy does not provide coverage to the Caesar Ave. property, which was property occupied by the Diamonds as lessees. The policy generally insures “the dwelling on the residence premises shown in the Declarations” and “personal property owned or used by any insured which is rented or held for rental with the residence premises or used for the maintenance of the residence premises.” (Italics added, bolding deleted.) Further, the policy provides coverage for loss of rents when “a Loss Insured causes that part of the residence premises rented to others or held for rental by you to become uninhabitable .... ” (Italics added, bolding deleted.). Most importantly, the liability coverage provided under the policy is designated as “Business Liability” coverage.[7]
The policy language as a whole substantiates that the policy affords business liability coverage to lessors of rental property, who are engaged in the business of leasing property, rather than lessees of rental property. As such, the policy affords coverage to the Diamonds | sfor property they rented to others or held for rental rather than property that was leased by them. Accordingly, Lability arising from the Caesar Ave. property, a residence leased by the Diamonds, is not covered by the policy.
We find no merit in the assignments of error raised by appellants. The arguments are premised on the faulty assumption that the rental dwelling policy affords coverage to property occupied by the named insureds as lessee. Based on the language *896 of the rental dwelling policy and the applicable jurisprudence, we conclude there is no coverage for any liability of the Diamonds that may result from the plaintiffs’ allegations as set forth in the petition. Accordingly, the motion for summary judgment was properly granted.
III. CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by plaintiffs-appellants.
AFFIRMED.

. Other defendants named in the petition, who are not pertinent to this appeal, are not addressed.

. The affidavit further states that Yost is not the biological or adopted son of either Mr. or Mrs. Diamond, and that Yost, who was bom on June 18, 1974, resided with the Diamonds from the time be was eight years old until he was approximately nineteen years old but has not resided with the Diamonds since 1994.

.Plaintiffs also urge the trial court erred in finding there was no coverage based on the *894 policy’s intentional act exclusion. While reserving its rights to urge this exclusion at trial, State Farm did not contend that it was entitled to summary judgment based on this exclusion. We pretermit this assignment of error based on our resolution of the other issues raised on appeal.

. The policy states, in part:
5. "insured premises” means:
a. the residence premises:
b. one or two family premises of which you acquire ownership or control and for which you report your intention to insure under this policy within 30 days after acquisition:
c. the ways immediately adjoining on land, and
d. one or two family dwelling premises alienated by any insured if possession has been given to others.

. The record establishes that prior to residing at the Caesar Ave. address, the Diamonds had resided at the Coronado Drive address. They had maintained a homeowners policy insuring the Coronado Drive property from April of 1992 until September of 1996, when the homeowner’s policy was replaced with the rental dwelling policy. The rental dwelling policy was renewed in September of 1997 and was effective through December 27, 1997. During February of 1998, the Diamonds purchased a homeowners policy to insure property located on Coffee Road in Baton Rouge, Louisiana.

. The Business Liability coverage of the policy is triggered ”[i]f a claim is made or a suit is brought against any insured for damages because of bodily injury, personal injury, or property damage to which this coverage applies, caused by an occurrence and which arises from the ownership, maintenance, or . use of the insured premises.”