# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 08-1260


JACQUELINE MORRELL

VERSUS

ALTON FISHER AND
ALLSTATE INSURANCE COMPANY


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-3441
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.


**AFFIRMED.**


**Maurice L. Tynes**
**Attorney at Law**
**4839 Ihles Road**
**Lake Charles, Louisiana 70605**
**(337) 479-1173**
**Counsel for Defendants/Appellants:**
    **Allstate Insurance Company**
    **Alton Fisher**

**Thomas E. Townsley**
**Attorney at Law**
**711 Pujo Street**
**Lake Charles, Louisiana 70601**
**(337) 430-0994**
**Counsel for Plaintiff/Appellee:**
    **Jacqueline Morrell**

**Rudie R. Soileau. Jr.**
**Attorney at Law**
**Post Office Box 3010**
**Lake Charles, Louisiana  70602**
**(337) 493-0707**
**Counsel for Plaintiff/Appellee:**
         **Jacqueline Morrell**

**SULLIVAN, Judge.**

Plaintiff, Jacqueline Morrell (Morrell) was injured when the car she was driving struck a young bull that had gotten loose on the roadway. She filed suit against Alton Fisher (Fisher), the owner of the bull, and his insurer, Allstate Insurance Company (Allstate). Following a jury trial, judgment was rendered in favor of Morrell. The defendants filed a Motion for Judgment Notwithstanding the Verdict or, in the alternative, Motion for New Trial, which the trial court denied. The defendants appeal both judgments. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. On March 30, 2006, at approximately 4:00 a.m., Morrell was driving her 1998 Nissan Maxima on Royer Loop, a rural roadway in Calcasieu Parish, when she struck a bull standing in her lane of travel. Because of fog, visibility was limited, and Morrell was unable to avoid colliding with the bull. The force of the impact killed the bull and caused significant injuries to Morrell. She was rendered unconscious and suffered a herniated disc in her neck and a bulging disc in her back. Her vehicle was totaled.

At approximately 6:00 p.m. on the evening before the accident, Fisher and his sixteen-year-old son, Colt, had attempted to move the bull from a pasture and into a pen with the assistance of their neighbor, Nathan Areno. Colt had gotten on a horse and was trying to rope the bull. The bull resisted their efforts, however, and eventually broke through a fence to avoid capture. The bull ended up loose on the roadway at around 7:30 p.m. The defendants searched for the errant bull until 1:00 a.m., at which time they gave up their search for the night. Although Fisher spoke to several of his neighbors about the loose bull, it is undisputed that he did not

1

alert the authorities that one of his bulls had escaped its enclosure. This accident occurred three hours later when Morrell was traveling to work.

The matter was tried before a jury on December 3-7, 2007. Prior to trial, the parties stipulated that Fisher was the owner of the bull in question and "that this [, where the accident occurred,] was a closed range area" on the date of the accident. On February 22, 2008, a final judgment was rendered in accordance with the jury verdict in favor of Morrell and against the defendants. Fisher was found to be 100% at fault in causing the March 30, 2006 accident. Morrell was awarded $173,475.77 in damages, which included amounts for past and future physical and mental pain and suffering, loss of enjoyment of life, past and future medical expenses, and property damage. Morrell was awarded $7,000.00 in penalties for Allstate's bad faith handling of her loss adjustment. In addition, the defendants were cast with all costs of the proceeding, including Morrell's expert witness fees.

On March 14, 2008, the defendants filed a Motion for Judgment Notwithstanding the Verdict (JNOV) or, in the alternative, Motion for New Trial, which, following a hearing, the trial court denied. The defendants now appeal both the final judgment and the judgment denying their post-trial motions, assigning the following errors:

I.    The trial court committed manifest error and abused its discretion when it instructed the jury as follows:

> Where an owner of livestock is sought to be held liable for damage sustained by the presence of his livestock on a public roadway, the owner must not only show he has taken all reasonable precautions to enclose his livestock but must also explain the presence of the livestock on the roadway by showing how the animal escaped if he is to overcome the presumption of negligence and prove freedom of

2

fault in the slightest degree; general evidence as to reasonable precautions is not sufficient.

The defendants claim that the effect of this incorrect jury instruction regarding the law was to cause the jury verdict on fault to be in error.

II.    The jury committed error when it found defendant Fisher guilty of the "slightest degree of fault."

III.   The trial court committed manifest error and abused its discretion when it denied the defendants' Motion for JNOV and/or Motion for New Trial.

IV.    The trial court committed manifest error and abused its discretion when it found defendant Allstate Insurance Company in bad faith and awarded $7,000.00 to plaintiff as a penalty.

## DISCUSSION

"[A] court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of 'manifest error' or unless it is 'clearly wrong.'" *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989) (citations omitted). "[I]f the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.*

**Defendants' Assignment of Error No. 1**

The defendants contend that the trial court erred in its instruction to the jury of the liability of an owner of livestock when the presence of his livestock on a public roadway causes damage to another. The jury instruction was based upon La.R.S. 3:2803, which provides that "[n]o person owning livestock shall knowingly, willfully, or negligently permit his livestock to go at large upon [certain enumerated] public highways of this state[.]" The defendants insist that the jury instruction should have, instead, been based upon Calcasieu Parish Ordinance No. 3247, which provides in

3

Section 5-26, that "[i]t shall be unlawful for the owner [of livestock] to knowingly and/or willfully allow any livestock to rove, roam, or be at large on any of the parish road rights-of-way in the parish . . . ."

In support of their arguments, the defendants rely on *Bolzoni v. Theriot*, 95-1233 (La.App. 3 Cir. 3/6/96), 670 So.2d 783, *writ denied*, 96-718 (La. 4/26/96), 672 So.2d 908, wherein the trial court applied Cameron Parish Ordinance 4-42 in a suit involving a collision between a vehicle and a cow. The ordinance at issue in *Bolzoni* contained language similar to the Calcasieu Parish Ordinance that the defendants contend should have applied to the facts at issue in this matter in that it "prohibit[ed] owners of livestock from *knowingly* and/or *willfully* allowing livestock to roam on the unclassified public highways within the parish." *Id.* at 784. This court affirmed the trial court's having dismissed on summary judgment Bolzoni's suit against the defendant, the owner of the cow, agreeing that there was no genuine issue that the defendant was not guilty of knowingly and willingly allowing his livestock to roam on a public highway. We rejected Bolzoni's claim that the Cameron Parish Ordinance was unconstitutional, reasoning that because the highway at issue was not included in La.R.S. 3:2803, the Cameron Parish Police Jury had the authority, pursuant to La.R.S. 3:3001,[1] to regulate livestock on public highways within the parish.

---

[1]Louisiana Revised Statutes 3:3001 provides that:

There is hereby found and declared a necessity for providing a means whereby each ward of every parish in the state shall have the right, by local option election, to prohibit livestock from roaming at large in each said ward on those public highways other than those provided for in R.S. 3:2803.

In *Johnson v. State ex rel. DOTD*, 06-898, pp. 6-7 (La.App. 3 Cir. 12/13/06), 946 So.2d 682, 688, *writ denied*, 07-510 (La. 4/27/07), 955 So.2d 693, this court discussed the appellate standard of review with regard to jury instructions:

> Louisiana jurisprudence is well established that an appellate court must exercise great restraint before it reverses a jury verdict because of erroneous jury instructions. *Melancon v. Sunshine Const., Inc.*, 97-1167 (La.App. 1 Cir. 5/15/98), 712 So.2d 1011. The basis for this rule of law is that trial courts are given broad discretion in formulating jury instructions and it is well accepted that a trial court judgment will not be reversed so long as the charge correctly states the substance of the law. *United States v. L'Hoste*, 609 F.2d 796, 805 (5 Cir.), *cert. denied*, 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980). However, when a jury is erroneously instructed and the error probably contributed to the verdict, an appellate court must set aside the verdict. *Smith v. Travelers Ins. Co.*, 430 So.2d 55 (La.1983). In the assessment of an alleged erroneous jury instruction, it is the duty of the reviewing court to assess such impropriety in light of the entire jury charge to determine if they adequately provide the correct principles of law as applied to the issued framed in the pleadings and evidence and whether they adequately guided the jury in its deliberation. *Kaplan v. Missouri-Pacific R.R. Co.*, 409 So.2d 298, 304-05 (La.App. 3 Cir.1981). Ultimately, the determinative question is whether the jury instructions misled the jury to the extent that it was prevented from dispensing justice. *Brown v. White*, 405 So.2d 555, 560 (La.App. 4 Cir.1981), *aff'd*, 430 So.2d 16 (La.1982).

*Nicholas v. Allstate Ins. Co.*, 95-2522, p. 8-9 (La.8/31/00), 765 So.2d 1017, 1023.

In *Willis v. Lecompte*, 93-167, p. 3 (La.App. 3 Cir. 2/9/94), 640 So.2d 304, 306, *writ denied*, 94-562 (La. 4/22/94), 641 So.2d 203, this court stated:

> It is well settled that when an automobile strikes a horse or cow in a closed range area, the burden of proof rests upon the owner of the animal to exculpate himself from "even the slightest degree of negligence." *Abshire v. Dubois*, 422 So.2d 611, 613 (La.App. 3 Cir.1982); *Young v. Sentry Insurance Company*, 315 So.2d 93 (La.App. 3 Cir.), *writ denied*, 319 So.2d 419 (La.1975).

We find *Bolzoni* distinguishable from the matter at hand. The accident in *Bolzoni* occurred on an "open range" highway. Here, the defendants stipulated that the accident occurred in a closed range area. Accordingly, under La.R.S. 3:2803, Fisher was presumed negligent and was required to prove that he had taken reasonable precautions to keep his livestock in an enclosed area and to additionally prove how the bull escaped from its enclosure. *Willis*, 640 So.2d 304. Given the circumstances surrounding his attempt to capture the bull the evening before the accident, we cannot say that the trial court erred in its instruction to the jury. The defendants' first assignment of error is without merit.

**Defendants' Assignment of Error No. 2**

The defendants next contend that the jury committed error when it found defendant Fisher guilty of the "slightest degree of fault." This argument is based entirely on the defendants' contention that the instruction given to the jury by the trial court as to what would constitute fault on the part of Fisher was improper in that it placed him "under such a heavy burden as to be almost subject to a directed verdict."

Because we have found that the trial court properly instructed the jury as to law governing the liability of an owner of livestock when an automobile strikes that livestock in a closed range area, the defendants' second assignment of error is likewise without merit.

**Defendants' Assignment of Error No. 3**

The defendants next argue that trial court committed manifest error and abused its discretion when it denied their Motion for JNOV and/or Motion for New Trial. Again, this argument is based on the defendants' assertion that the trial court should have instructed the jury that Calcasieu Parish Ordinance No. 3247 applied to the

6

situation rather than La.R.S. 3:2803. They submit that "one error by the court create[d] a cascade of errors by the judge and jury," and that the trial court should have corrected its error by granting a JNOV in favor of the defendants or by allowing a new trial.

Again, because we have found that the trial court properly instructed the jury on the law applicable to the matter under their consideration, this assignment of error has no merit.

**Defendants' Assignment of Error No. 4**

In their final assignment of error, the defendants contend that the trial court committed manifest error when it found that Allstate had acted in bad faith in its handling of Morrell's claim and in awarding her an additional $7,000.00 penalty. The defendants claim that they were justified in relying on Calcasieu Parish Ordinance No. 3247 and in basing Allstate's defense on what they determined to be the law applicable to this matter. As such, they contend that the trial court's finding that Allstate acted in bad faith was contrary to the law and evidence. No jurisprudence is cited in support of this argument.

Louisiana Revised Statutes 22:1892(A)(3) requires that an "insurer shall initiate loss adjustment of a property damage claim . . . within fourteen days after notification of loss by the claimant" and that "[f]ailure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1973."[2] That statute, in turn, provides that "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times

---

[2]Louisiana Revised Statutes 22:1892 and 22:1973 were renumbered from 22:658 and 22:1220, respectively, by 2008 La. Acts No. 415, § 1, effective January 1, 2009.

the damages sustained or five thousand dollars, whichever is greater." La.R.S. 22:1220(C).

Fisher testified that he called Allstate within a couple of days of the accident to notify it that one of his bulls had been involved in an accident that caused damage to a vehicle. In addition, Morrell introduced a letter from her attorney to an Allstate agent dated May 11, 2006, wherein he requested that Allstate inspect Morrell's vehicle to get an estimate of the property damage that she incurred as a result of the accident with its insured's bull. Morrell testified that she was never contacted by Allstate regarding her property damage claim. She added that she was forced to borrow money from her parents to buy another vehicle. At trial, the defendants failed to offer any proof to indicate that Allstate took any steps to evaluate Morrell's claim.

Given the foregoing facts, we cannot say that the trial court erred in finding that Allstate acted in bad faith in its handling of Morrell's property damage claim and in awarding Morrell a penalty of $7,000.00. The defendants' fourth assignment of error is without merit.

### DECREE

For the foregoing reasons, the judgment of the trial court in favor of Jacqueline Morrell and against Alton Fisher and Allstate Insurance Company is affirmed in its entirety. The defendants are cast with all costs of this appeal.

**AFFIRMED.**