# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1096


SHIRLEY ARVIE

VERSUS

STATE FARM FIRE & CASUALTY COMPANY, ET AL.


**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. 643-11
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of J. David Painter, Phyllis M. Keaty, and John E. Conery, Judges.


**AFFIRMED.**

David T. Lawson
Gregory J. Chiartano
Morris Bart, LLC
909 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
(504) 599-3301
Counsel for Plaintiff/Appellant:
    Shirley Arvie

**Jackson B. Bolinger**
**John E. Ortego & Associates**
**Caffery Plaza, Suite 100**
**4023 Ambassador Caffery Parkway**
**Lafayette, Louisiana  70503**
**(337) 988-7240**
**Counsel for Defendants/Appellees:**
**State Farm Fire & Casualty Company**
**Charles Bourgeois**

**KEATY, Judge.**

Plaintiff, Shirley Arvie, appeals the judgment rendered by the trial court in favor of Defendants, Charles Bourgeois and State Farm Fire & Casualty Company. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Arvie was involved in a one-car accident when the vehicle she was operating struck a cow on Highway 90 in Jefferson Davis Parish. The cow was owned by Bourgeois, a cattle farmer. Bourgeois maintains several pastures near his home in Jefferson Davis Parish where he raises cattle. Prior to this accident, numerous cows had knocked down Bourgeois' fence in one of his pastures. The cows subsequently knocked down a neighbor's fence and another fence in a third pasture that ran along the highway. Arvie subsequently hit one of these escaped cows.

As a result, Arvie suffered bodily injuries and filed suit against Bourgeois and his insurer, State Farm. Arvie alleged that Bourgeois was negligent in allowing his livestock to go at large in contravention of La.R.S. 3:2803 and for failing to take all reasonable and prudent measures and precautions to enclose his livestock.

Defendants contended that Bourgeois took all reasonable and prudent measures and precautions to enclose the livestock. Defendants alleged that a coyote caused the cattle to stampede and destroy the fence surrounding them.

Following a bench trial and after taking the matter under advisement, the trial court ruled in favor of Bourgeois and found that he did not act unreasonably.

Arvie is now before this court asserting that: (1) the trial court erred by applying the incorrect standard of law; (2) the trial court erred by finding that Bourgeois carried his burden of proof to exculpate himself by proving when, where,

and how his livestock escaped his enclosure; (3) the trial court erred by finding that Bourgeois carried his burden of proof to exculpate himself by proving that he took reasonable and prudent precautions to enclose his livestock; and (4) the trial court erred by not awarding special and general damages.

## STANDARD OF REVIEW

When a trial court makes an error of law, the appellate court is required, whenever possible, "to redetermine the facts *de novo* from the entire record . . . and render a judgment on the merits." *Luneau v. State ex rel. Dep't of Transp. and Dev.*, 03-1064, p. 8 (La.App. 3 Cir. 6/2/04), 879 So.2d 266, 272 (citing *Ferrell v. Fireman's Fund Ins. Co.*, 94-1252 (La. 2/20/95), 650 So.2d 742). Additionally, an appellate court "may not set aside a trial court's or a jury's finding of fact in the absence of 'manifest error' or unless it is 'clearly wrong.'" *Morrell v. Fisher,* 08-1260, p. 3 (La.App. 3 Cir. 4/1/09), 7 So.3d 1264, 1266 (citing *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989)).

## DISCUSSION

**I.    Trial Court's Application of the Standard of Law**

In its Amended Reasons for Ruling (reasons), the trial court ruled in favor of Bourgeois based on La.Civ.Code 2321, which provides, in pertinent part:

> The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

In its reasons, the court further cited La.R.S. 3:2803 which provides, in pertinent part, that "[n]o person owning livestock shall knowingly, willfully, or negligently permit his livestock to go at large upon the . . . public highways of this state."

2

The jurisprudence interpreting La.R.S. 3:2803 provides that "[i]t is well settled that when an automobile strikes a horse or cow in a closed range area, the burden of proof rests upon the owner of the animal to exculpate himself from 'even the slightest degree of negligence.'" *Morrell,* 7 So.3d at 1268 (citing *Willis v. Lecompte*, 93-167 (La.App. 3 Cir. 2/9/94), 640 So.2d 304, *writ denied*, 94-562 (La. 4/22/94), 641 So.2d 203). Under La.R.S. 3:2803, the defendant is presumed negligent, and he must prove that he had taken reasonable precautions to keep his livestock in an enclosed area and to prove how the livestock escaped from their enclosure. *Id.* To rebut the presumption of negligence, a defendant must not only show that he has taken all "reasonable and prudent measures and precautions to enclose his livestock, but must also explain the presence of the animal on the highway by showing when, where, and how the animal escaped from its enclosure, that is, his complete freedom from fault." *Young v. Sentry Ins. Co.*, 315 So.2d 93, 95 (La.App. 3 Cir.), *cert. denied*, 319 So.2d 419 (La.1975) (citing *Womack v. Rhymes*, 300 So.2d 226 (La.App. 2 Cir.), *writ denied*, 303 So.2d 179 (La.1974)). "[G]eneral evidence as to reasonable precautions is not sufficient." *Morrell*, 7 So.3d at 1266.

Arvie takes issue with the trial court's finding that Bourgeois acted as a "reasonably prudent owner of livestock." Arvie contends that the foregoing is not the standard required to rebut the presumption of negligence that arises under La.R.S. 3:2803. Arvie alleges that there is a difference between acting reasonably and acting without the slightest degree of fault. Arvie contends that the trial court allowed Bourgeois to rebut the presumption of negligence with general evidence as to reasonable precautions, which was not sufficient to rebut said presumption. Arvie alleges that Bourgeois did not carry his burden of proof as he (1) did not

prove when, where, and how his livestock escaped its enclosure and (2) failed to take all reasonable and prudent precautions to enclose his livestock.

In its reasons, the trial court cited the standard discussed above. The trial court noted that immediately after the accident, Bourgeois inspected the fence and found a large hole in the fence which was approximately thirty to forty feet across. The trial court found that based on the evidence, the fence had been pushed down by cows. It further found that Bourgeois visited his pasture at least every forty-eight hours, and he did not detect any problems when he was present.

According to the foregoing reasons, "when" the cows escaped is stated by the trial court as being within the time Bourgeois last visited the cows to feed and care for them. Bourgeois testified that he visited the cows at least within forty-eight hours of the accident. "Where" the cows escaped is stated by the trial court as being the downed fence located on Bourgeois' property. This location is marked on the aerial map of the scene and referred by the trial court as being the downed fence. The trial court explained "how" the cows escaped by stating that "many cows pushed their way through the fence." The trial court noted that Bourgeois presented compelling evidence indicating that a stampede occurred which caused the fence to break and the cows to escape onto the highway. The court found that it was reasonable to conclude that a coyote started the stampede given the evidence.

According to its reasons, the trial court then discussed the reasonable and prudent measures taken by the owner and made a specific finding that the "defendant acted as a reasonably prudent owner of livestock" in his efforts to inspect and maintain his fence. The trial court noted that Bourgeois testified that he had moved the cattle to the enclosure a few days before the accident and that

4

before moving the animals, he had inspected the entire fence line surrounding the pasture. The trial court stated that Bourgeois did not find any defects during that inspection. Instead of the more commonly accepted practice of placing the posts twelve feet apart, the trial court noted that the surrounding fence had a fence post placed every six feet. The trial court stated that the fence consisted of four strands of barbed wire which were routinely used by cattle ranchers in the area. The trial court indicated that Bourgeois stated that he fed the cattle every other morning and that there was no indication that there were any problems with the fence when he last fed the cattle.

Based on the above, the trial court applied the correct standard of law to the case. The trial court was not erroneous in this regard. Arvie's assignment of error is without merit.

## II. When, Where, and How Bourgeois' Livestock Escaped

Arvie contends that there is no evidence supporting a finding of when, where, and how Bourgeois' livestock escaped its enclosure. In opposition, Defendants contend that there is evidence supporting a finding of when, where, and how Bourgeois' livestock escaped its enclosure.

With respect to "when," Bourgeois testified that he was made aware of the accident at approximately six o'clock in the morning on the day of the accident. He testified that he had been to that specific pasture to feed the cows within twenty-four hours before the accident. When he fed the cattle prior to the incident, he travelled through a gate, drove his truck into the pasture, and dropped the food off for the cows. Bourgeois testified that, at that time, the cows were in the small pasture and that the fencing was fine. From this testimony, Defendants established that the cows were in the pasture within twenty-four hours before the accident and

5

would have escaped between the time when Bourgeois last fed the cows and the following morning.

With respect to "where," Bourgeois identified the location of the fencing that the fifty-three cows knocked down. He identified this location on an aerial photograph to the trial court. This was examined by the trial court and can be found in the exhibits. The photograph marks the first of the three fences that the cows went through as point number one, and Bourgeois pointed this out to the trial court during his testimony. Bourgeois identified the extent of the opening in the fence made by the cows, stating that the "posts, the wire, everything, like 50 feet long" were down on his piece of property.

With respect to "how," Bourgeois' testified that fifty-three cows escaped his pasture by pushing over fencing that had been in place the day before. Bourgeois pointed out to the trial court the escaped cows' path using a map. Bourgeois testified that the cows moved first through his fencing surrounding a small pasture and then through two other fences. Bourgeois testified that the cows each weighed approximately six hundred pounds. Bourgeois also testified that there had been problems with coyotes in the area previously and that he had lost cattle as well as his dog to coyote attacks in the past. Bourgeois testified that he assumed a coyote most likely made the cows stampede through the gates and onto the highway.

Accordingly, the foregoing evidence supports a finding of when, where, and how Bourgeois' livestock escaped its enclosure. The trial court was not erroneous in this regard. Arvie's assignment of error is without merit.

### III.   Reasonable and Prudent Measures

Arvie contends that Bourgeois was at fault by failing to show that he had taken all reasonable and prudent measures to enclose his livestock. In opposition,

6

Defendants contend that the evidence shows that Bourgeois had taken all reasonable and prudent measures to enclose his livestock.

Bourgeois testified that these cows had been weaned from the mothers approximately five weeks before being moved to this pasture, and he did not feel that they would be trying to get back to their mothers. Bourgeois testified that this was a small pasture and that prior to this accident, he had re-enforced the traditional wooden fence poles with metal poles put in between each wooden post. Bourgeois testified that the foregoing method exceeded the normal way of spacing fence posts and provided a well-enclosed pasture for these cows. Bourgeois testified that these cows had only been in this pasture for about six days before the accident. Prior to moving the cows to this pasture, Bourgeois testified that he had inspected the pasture by riding the fence line the day before the cows were moved and that all fencing looked good. Bourgeois testified that there would have been no reason for the cows to look elsewhere for food as they were fed every other day.

Bourgeois also testified that he used to shoot coyotes around his property. Bourgeois testified that he curtailed his shooting after he was warned by the game warden that he could not hunt coyotes on his property without the proper permit. Bourgeois testified that getting such a permit was too burdensome. He also testified that such a permit was not effective as it required an applicant to specifically describe exactly where the applicant planned to shoot. Bourgeois testified that he used to have state officers trap coyotes around his property, although he had not used those trappers for several years prior to the accident because the trappers were no longer available.

Based on the foregoing, Bourgeois established that he took all reasonable and prudent measures to enclose his livestock. The trial court was not erroneous in this regard. Accordingly, Arvie's assignment of error is without merit.

**IV.** <u>**Damages**</u>

We will not address this assignment of error given our affirmation of the trial court's ruling.

**DECREE**

The judgment rendered by the trial court is affirmed. All costs of this appeal are assessed against Shirley Arvie.

**AFFIRMED**.