WATKINS, Judge.
The plaintiff, Motion Industries, Inc. (Motion Industries), filed suit against Selma LeBlanc, her insurer Louisiana Farm Bu *499 reau Mutual Insurance Company (Farm Bureau), Patrick LeBlanc, Dwayne King and Bertha Mayers, for property damage sustained when a vehicle owned by Motion Industries struck a horse allegedly owned by Selma LeBlanc and Patrick LeBlanc and negligently released from a pasture by Dwayne King and Bertha Mayers. An answer and reconventional demand and third party demand were filed on behalf of Selma LeBlanc and Patrick LeBlanc, wherein the answer admitted that the horse was owned by “Selma LeBlanc and/or Patrick LeBlanc” and the reconventional demand stated that the horse was owned by Selma LeBlanc and Patrick LeBlanc. Farm Bureau answered plaintiff’s petition denying that the horse was owned by Selma Le-Blanc in whole or in part. Thereafter, Selma LeBlanc, in answer to interrogatories propounded by the plaintiff, denied ownership of the horse and stated that it was owned by Patrick LeBlanc.
After trial on the merits the trial court concluded that Patrick LeBlanc was the sole owner of the horse and that the negligence of Dwayne King was sufficient to relieve Patrick LeBlanc of any liability as owner of the horse. Judgment was therefore granted in favor of Motion Industries and against Dwayne King, dismissing all other parties.[1] Motion Industries appeals the trial court’s dismissal of Selma Le-Blanc, Farm Bureau, and Patrick LeBlanc. We affirm.
The plaintiff sets forth the following assignments of error:
1. The court erred in allowing Selma LeBlanc to revoke her judicial confession of ownership of the horse, in allowing Patrick LeBlanc and Myles LeBlanc to testify as to ownership of the horse, and thus in failing to hold Selma LeBlanc liable as an owner under Article 2321 of the Civil Code.
2. Alternatively, the court erred in not considering whether Selma LeBlanc was liable under Article 2317 of the Civil Code.
3. The court erred in finding that Dwayne King was not a third person for whom Patrick LeBlanc was responsible and thus in not holding Patrick LeBlanc liable under Articles 2321 and 2317 of the Civil Code.
FACTS
The following facts were established at trial. On March 14, 1984 at approximately 7:30 p.m. an accident involving a truck owned by plaintiff and a horse occurred on Orice Roth Road in Gonzales, Louisiana. The accident occurred after the horse escaped a pasture leased by Selma LeBlanc. The horse was owned by Patrick LeBlanc, and escaped due to the fact that the pasture gate was left open by Dwayne King. Dwayne King had the permission of Selma LeBlanc to use the pasture to graze several head of cattle in exchange for cutting the grass and keeping the fence in repair.
Before we address the issue of whether the trial court properly admitted evidence over Selma LeBlanc’s judicial admission, we will first determine whether Dwayne King’s negligence was sufficient to relieve a horse owner of strict liability. For this analysis we will assume that Selma Le-Blanc and Patrick LeBlanc were co-owners of the horse. Motion Industries contends that Dwayne King is a, person for whom Selma LeBlanc and Patrick LeBlanc were responsible because he was not a trespasser or intruder and used the pasture with the authorization and knowledge of Selma LeBlanc and Patrick LeBlanc.
LSA-C.C. art. 2321 provides that the owner of an animal is answerable for the damage it has caused. In Holland v. Buckley, 305 So.2d 113 (La.1974), the Supreme Court stated as follows:
[T]he correct interpretation of Civil Code Article 2321 is as follows: When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability, as an exception to or in addition to any ground of recovery on the basis of negligence, Article 2316. The owner may exculpate himself from such presumed fault only by show *500 ing that the harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible, or by a fortuitous event. (Footnote omitted)
Id. at 119. See also, Rozell v. Louisiana Animal Breeders Co-op., 496 So.2d 275 (La.1986).
Initially we note that a horse is considered a domesticated animal, having through long association with man become subject to a man’s use and control. Smith v. State Farm Fire & Cas. Co., 381 So.2d 913 (La.App.3d Cir.1980).
The evidence presented at trial established that Dwayne King had Selma Le-Blanc’s permission to use the pasture in exchange for cutting the grass and keeping the fence in repair. On the evening of March 14, 1984, Dwayne King drove a truck into the pasture in order to remove a cattle trailer. During his attempt to remove the trailer his truck and trailer became stuck and required assistance in pulling it out. During this time the gate to the pasture remained open and the horse escaped. Dwayne King asked two teenage neighbors to help round up the horse while he continued the efforts to remove his truck and trailer. He did not contact Selma LeBlanc or Patrick LeBlanc concerning the escape of the horse. The neighbor, Ronald Morris, testified that during his efforts to round up the horse he came close to getting the horse in the pasture but for the fact that a truck (either the truck which Dwayne King was driving or the truck which was used to pull out Dwayne King’s truck) was parked in the driveway to the pasture, effectively blocking the entrance. He further testified that after the accident occurred Dwayne King told him not to mention who owned the horse. Thereafter, Ronald Morris went to the site of the accident where he noticed Dwayne King drive by without stopping.
Based on these facts, and the absence of any evidence as to negligence on the part of the driver for Motion Industries, we can only conclude that Dwayne King was the sole cause of the accident, and that he is a third party for whom Selma LeBlanc and Patrick LeBlanc were not responsible. Dwayne King negligently left the pasture gate open knowing that the horse was kept in the pasture. Furthermore, after the horse escaped he did very little to aid in the return of the horse, and in fact hindered the effort by not seeing that the driveway to the pasture was left clear. Moreover, Dwayne King made no effort to contact either Selma LeBlanc or Patrick LeBlanc, thereby preventing them from participating in the safe return of the horse to the pasture. Dwayne King was not an employee or agent of Selma LeBlanc or Patrick Le-Blanc and his only reason for being in the pasture on the evening of March 14, 1984 was to attend to his own business. We therefore find that Dwayne King is a third party for whom Selma LeBlanc and Patrick LeBlanc were not responsible and that his negligence was the sole cause of the accident, thus relieving Selma LeBlanc and Patrick LeBlanc of any liability for the accident.
Motion Industries also contends that the trial court erred in not considering whether either Selma LeBlanc or Patrick LeBlanc were liable under LSA-C.C. art. 2317.[2] Because the fault of a third party is also a valid defense to liability under article 2317 we find it unnecessary to address this issue. See Rozell, supra. We also find it unnecessary to determine whether the trial court erred in admitting evidence in contradiction of Selma LeBlanc’s judicial admission that she was the owner of the horse. Regardless of whether Selma LeBlanc owned the horse or not, she would not be liable under the facts of this case.due to the third party fault of Dwayne King.
For the reasons stated, we affirm the trial court’s decision finding that Dwayne King’s negligence was the sole cause of the accident and that he is a third party for *501 whom Selma LeBlanc and Patrick LeBlanc were not responsible. All costs of this appeal to be borne by appellant.
AFFIRMED.

. During trial Bertha Mayers was granted a directed verdict at the close of the plaintiffs case.

. LSA-R.S. art. 2317 reads as follows:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.