CRAIN, Judge.
On the evening of January 4, 1988, Allen Cedotal was a guest passenger in an automobile driven by George Moore, Sr. As the Moore vehicle was proceeding north on Highway 1 a cow entered the northbound lane and the vehicle struck the animal resulting in personal injuries to Mr. Cedotal. The animal was owned by Charles Hopkins and had apparently strayed from his fenced-in property. Cedotal instituted this action against Hopkins and Hopkins’ insurer, Allstate Insurance Company (Allstate). Allstate filed a third party action against George Moore, Sr. and Moore’s insurer, Champion Insurance Company (Champion).
A jury trial was scheduled to commence on September 11, 1989. On that date, by agreement of counsel for third party plaintiff and third party defendant, the third party demand was severed from the principal demand. Plaintiff moved for a continuance. After a contradictory hearing on the motion, the continuance was conditionally granted. Plaintiff thereafter withdrew his motion for continuance. The trial commenced on September 12. After trial on the merits, the jury rendered a verdict in favor of defendants. Judgment was entered in accordance with the verdict.
*21 Prom this judgment Cedotal appeals alleging as error: (1) the trial court’s failure to enforce the automatic stay in effect against Champion; (2) and (3) the trial court’s failure to grant plaintiff’s motion for continuance; (4) the jury’s failure to find that Hopkins breached a duty owed to plaintiff and the public; (5) the finding that Hopkins was relieved of liability due to an “Act of God”; and (6) the failure to give credit to a witness’ testimony.
STAY
The first assignment of error was not briefed. Assignments of error which have not been briefed may be considered abandoned. Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.4. In any event the third party demand against Champion was severed and continued so there was no violation of the stay order.
MOTION FOR CONTINUANCE
In the second and third assignments of error appellant contends that the trial court erred in not granting appellant’s motion for a continuance.
Trial was scheduled for September 11. On that date upon joint motion of counsel for third party plaintiff and third party defendants, the third party action was severed from the main demand. Additionally two of plaintiff’s witnesses had not been issued subpoenas for trial despite plaintiff’s timely requests. Plaintiff moved for a continuance on these two grounds. The minutes reflect that arguments on the motion were heard and the trial court granted the continuance on the condition that judicial interest be suspended from September 11th until final judgment and that the subpoenas for a future trial date be served within twenty-five days prior to trial. The minutes further reflect that counsel for plaintiff immediately thereafter withdrew the motion for continuance and raised no further objection prior to commencement of trial. Plaintiff did not seek supervisory writs.
At the close of plaintiff’s case plaintiff requested a recess until the following day in order to allow a Dr. Clifton to testify. The trial court refused. In connection with this assignment of error, the record reflects the following testimony:
Mr. Jones: Your Honor, I think I can go on and at this point and rest. There was a Dr. Clifton that I subpoenaed and I would like to state for purposes of the record we did issue that subpoena and he’s unable to come today. If we can hold it open until tomorrow, he might show up pursuant to subpoena but I don’t have it. The Clerk’s Office didn’t get the subpoenas out.
The Court: Okay. You rest?
Mr. Jones: With the reservation of Dr. Clifton.
The Court: That is a significant reservation. Either you rest or don’t rest.
Mr. Jones: Would the court grant a recess until tomorrow[?]
The Court: I wanted to go until about five-thirty.
Mr. Jones: I think the jury looks a little tired.
The Court: I think they are tired and so am I, but I think we will go to about five-thirty.
Mr. Jones: If the court wants to push on until five-thirty, another 55 minutes, I will have to rest.
Plaintiff again did not preserve his objection to the trial court’s refusal to stay the proceedings or grant an overnight recess.
Although a continuance should be granted if at the time of trial a material witness has absented himself without the contrivance of the movant, La.C.C.P. art. 1602, plaintiff apparently waived his objections to the trial court’s ruling on his motion for continuance. Pursuant to La. C.C.P. art. 1635 he may not now raise this issue on appeal. See State Farm Fire & Casualty Co. v. Valley Electric Membership Corp., 558 So.2d 731 (La.App. 3d Cir. 1990). These assignments of error are without merit.
LIABILITY OF HOPKINS
In the fourth, fifth and sixth assignments of error plaintiff contends that the trier of fact erroneously found that Hop *22 kins’ cow strayed onto the highway due to a fortuitous event. Plaintiff contends the jury should have found that Hopkins neglected to repair the fence which he knew or should have known was in a state of disrepair.
The owner of an animal is answerable for the damage it has caused. La.C.C. art. 2321. The owner may escape liability by showing that the harm was caused by victim fault, fault of a third person for whom the owner of the animal is not responsible, or a fortuitous event. See Motion Industries, Inc. v. LeBlanc, 532 So.2d 498 (La.App. 1st Cir.1988). A fortuitous event is defined in La.C.C. art. 3556(15) as “that which happens by a cause which we cannot resist.” A windstorm or a gust of wind can be a fortuitous event. Rector v. Hartford Accident & Indemnity Company of Hartford, Conn., 120 So.2d 511 (La. App. 1st Cir.1960); General Accident Fire & Life Assur. Corporation v. Latiolais, 17 So.2d 753 (La.App. 1st Cir.1944).
Hopkins testified that during wintertime he feeds the cattle and checks the fences as part of his daily routine; the fences were checked on the evening in question and were in good condition. He stated that it rained during the day and evening of January 4th and that the rain was accompanied by a strong wind. Upon learning that his cow had been struck by a vehicle, Hopkins immediately went to the accident site. The investigating officer helped Hopkins examine the fence line to determine how the cattle had escaped. They discovered that a tree had uprooted and fallen .across a section of the fence. Hopkins returned the cattle to the pasture and made temporary repairs to the fence. The following morning he hired an assistant to help him cut and remove the tree and permanently repair the fence.
Plaintiff’s counsel contends in brief that the weather was clear on the night of the accident, thus the sudden uprooting of the tree and its falling across the fence was not likely to have occurred. He contends Hopkins admitted to a witness that the fence was in disrepair prior to the time of the accident and that Hopkins had time to repair the fence before the accident.
Mr. Cedotal testified that it was raining at the time of the accident. George B. Moore, Sr., testified that it was drizzling or raining at the time of the accident; he did not pay attention to whether any trees were down, nor did he see the pasture where Hopkins’ cattle were kept.
George Moore, Jr., also a passenger in the Moore vehicle, testified that it was raining when the accident occurred. He observed no fallen trees or broken fence, however, it was dark at the time of the collision thus making it difficult to make such observations. Mr. Moore also stated that Hopkins told him that he had previously hired someone to fix the broken fence but the hired hand never showed up to repair it. George Moore, Jr. was the only person at the scene who alleged that Hopkins made the statement regarding having previously hired someone to repair the fence on the day of the accident. Hopkins denied ever making such a statement.
The jury had the opportunity to hear the testimony of the witnesses, observe their demeanor and assess their credibility. It obviously believed Hopkins’ testimony and determined that Hopkins was relieved of liability for the damage caused by his domesticated livestock due to the occurrence of a fortuitous event.
Factual determinations of the trier of fact should not be set aside unless manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After careful review of the record we find no manifest error therein. Accordingly, we affirm the judgment of the district court. Costs of this appeal are assessed against plaintiff.
AFFIRMED.