J^LOLLEY, J.
Lois Dykes (“Lois”) appeals the judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana, granting the motion for summary judgment filed by State Farm Mutual Automobile Insurance Company (“State Farm”). For the following reasons, we reverse and remand for further proceedings.
Facts
Richard Dykes (“Richard”) and Lois were married in February 1998 in Arkansas. In December 1999 the couple’s daughter was born. In January 2002 Lois filed a petition for divorce, and on April 1, 2002, she obtained a judgment of separation.
On May 25, 2002, Lois and the couple’s minor child were living with Richard’s father, Johnny Dykes (“Johnny”) in Jefferson, Texas. Johnny was a truck driver, and when he was not at home, he allowed Lois the use of his vehicle, which was insured by State Farm for both liability and uninsured/underinsured motorist coverage (the “policy”). On that day, Lois was driving Johnny’s vehicle on La. Highway 2 in Cad-do Parish, Louisiana with both the child and another passenger in the vehicle when Richard approached them in his vehicle. According to Lois, Richard forced her into the opposing lane of traffic, where she remained until she saw an oncoming vehicle. To avoid a collision with that vehicle, Lois drove into the roadside ditch and came to a sudden stop when she hit a concrete culvert.
Originally, Lois filed suit against only Richard, but later supplemented her petition, naming State Farm, Johnny’s insurer, and Progressive Security Insurance Company, Richard’s liability insurer, as | ^additional defendants. She claimed that she and the couple’s minor child had both been injured as a result of Richard’s actions and the subsequent collision.
State Farm filed a motion for summary judgment, arguing that certain policy exclusions prevented coverage for Lois’ damages. Specifically, State Farm maintained that as alleged in Lois’ petition, Richard’s actions were not considered an accident, as required by the policy, and, thus, were not covered by the policy. State Farm also argued in its motion that there was no coverage under a specific exclusion contained in the uninsured/ un-derinsured motorist (“UM”) portion of the policy regarding bodily injury sustained when any person is struck by a vehicle owned by a family member of the insured. The trial court granted State Farm’s motion, without giving any reasons in support, and this appeal by Lois ensued.
Discussion
On appeal, Lois raises three assignments of error. In her first, she generally argues that the trial court erred in granting summary judgment, while her second and third assignments of error address the two specific issues upon which State Farm’s motion for summary judgment was based.
A motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966 B. Summary judgment pro *282 cedure is designed to secure the just, speedy and inexpensive determination of all except certain disallowed | aactions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.07/07/99), 739 So.2d 191. The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, then the mover may merely point out to the court that there is an absence of factual support for one or more elements essential to the plaintiffs claim. The burden then shifts to the non-moving party to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966 C(2); Racine v. Moon’s Towing, 2001-2837 (La.05/14/02), 817 So.2d 21; Hardy v. Bowie, 98-2821 (La.09/08/99), 744 So.2d 606.
Once the burden has shifted, the opponent must produce factual support to avert the summary judgment. If the opponent fails to produce such evidence, summary judgment is mandated. La. C.C.P. art. 966 C(2); Racine, supra; Garsee v. Bowie, 37,444 (La.App.2d Cir.08/20/03), 852 So.2d 1156. Mere speculation is not sufficient; the prospect that a fact finding might discredit the mover’s summary judgment evidence will not defeat a properly supported motion. Babin v. Winn-Dixie La. Inc., 2000-0078 (La.06/30/00), 764 So.2d 37; Garsee, supra.
A fact is “material” when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Facts are material if they potentially assure or preclude recovery, affect a litigant’s ultimate success or determine the outcome of the legal dispute. Hardy, supra; Garsee, supra.
Appellate review of the grant or denial of summary judgment is de novo. Ross v. Conoco Inc., 2002-0299 (La.10/15/02), 828 So.2d 546.
As stated, one basis for State Farm’s motion for summary judgment was that Richard’s actions were excluded under the policy. Specifically, State Farm points to the following policy language from the applicable UM portion of the policy:
INSURING AGREEMENT
A. We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person or property damage caused by an accident. (Emphasis added).
There is no other exclusionary clause pertinent to this precise issue pertaining to UM coverage.
State Farm argues that Richard’s actions were clearly intentional and that Lois’ injuries were not “caused by an accident.” As proof of this, State Farm’ points to Lois’ petition, wherein she clearly characterized Richard’s actions as intentional and deliberate. Although Lois repeatedly characterizes Richard’s actions as “intentional” in her petition, such characterization is a conclusion of law. As to Lois’ claim against State Farm, we consider only the underlying factual scenario regarding the incident with Richard. Furthermore, whereas we agree that Richard’s actions were seemingly intentional, it is a questionable fact whether he intended to cause harm or damage to Lois and his minor child. Importantly, we note that State Farm bears the burden of proving the applicability of the stated exclusion. Yount v. Maisano, 627 So.2d 148 (La.1993).
In Sanford v. Reeves, 554 So.2d 1328 (La.App. 1st Cir.1989), the insured’s UM carrier denied coverage for an injury to *283 her daughter, claiming an intentional act exclusion, which exclusion language was virtually identical to that in the policy of the case sub judice. There, the court determined that:
The jurisprudence in this area clearly distinguishes between intentional acts and intentional harm. Where the act is intentional, but the damage is not, this Court has held there was no exclusion from coverage under a contract of insurance, even with an exclusionary clause with language more restrictive than [the insurer’s] policy.
Id. at 1335.
In Breland v. Schilling, 550 So.2d 609 (La.1989), the supreme court interpreted an intentional injury exclusion which was even more explicit than the one at issue herein and stated:
[W]hen minor bodily injury is intended, and such results, the injury is barred from coverage. When serious bodily injury is intended, and such results, the injury is also barred from coverage. When a severe injury of a given sort is intended, and a severe injury of any sort occurs, then coverage is also barred. But when minor injury is intended, and a substantially greater or more severe injury results, whether by chance, coincidence, accident, or whatever, coverage for the more severe injury is not barred. Whether a given resulting bodily injury was intended “from the standpoint of the insured” within these parameters is a question of fact. Such factual determinations are the particular province of the trier of fact, in this instance the trial jury.
Id. at 570 (Emphasis added). Although the tort-feasor in the instant case was not the actual insured under the policy (i.e., a claim being made against a liability policy), the rationale in Breland would still be applicable for a claim made in a UM coverage scenario.
| (¡Richard’s subjective intent or expectation must be determined, not only from what he said or how he acted before, at the time of, and after his pertinent conduct, but from all the facts and circumstances bearing on such intent or expectation. See West v. Watson, 37,100 (La. App.2d Cir.04/09/03), 843 So.2d 565, writ denied, 2003-1297 (La.09/05/03), 852 So.2d 1043. Significantly, Richard answered Lois’ petition and denied the allegations she made therein, responding specifically that he was “Not guilty.” Of perhaps more significance, however, is the fact that Richard’s minor child was in the vehicle with Lois. It is seriously questionable that Richard would have intended to harm his young child, even if he had wanted to harm Lois. Clearly, these facts and circumstances bear on what Richard’s subjective intent or expectation was and further demonstrate how the fact of whether the harm to which he caused Lois was indeed intended. Such a question is obviously determinative of the outcome of this litigation and makes summary judgment inappropriate as to this issue.
Lois also argues that the “family member” exclusion is inapplicable in this case. In its motion for summary judgment, State Farm took the position that Lois was excluded from coverage for her bodily injury when she was struck by a vehicle owned by Richard, because he was a family member. Specifically, the pertinent portions of the policy state:
We do not provide uninsured/underin-sured motorist coverage for any person:
1. For bodily injury sustained while occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under this policy....
17Further, under the policy, a “family member” is defined as:
*284 ... a person who is a resident of your household and related to you by blood, marriage or adoption. This definition includes a ward or foster child who is a resident of your household, and also includes your spouse even when not a resident of your household during a period of separation in contemplation of divorce.
In this case, Lois is the “any person” referred to in the first line of this clause, and her injuries could potentially be excluded from coverage if she was struck by any motor vehicle owned by Johnny or any family member which was not insured for UM coverage under the policy. Here, Lois was not struck by a motor vehicle owned by Johnny, the insured. The question then becomes, was she “struck by” a vehicle owned by a “family member” of the insured — as that term is defined in the policy? Under the clear policy definition, Richard is not a family member, because in order to be such, he would have to meet two distinct criteria, i.e., be a resident of Johnny’s household and a relation by blood, marriage or adoption. Although Richard was related to Johnny by blood (i.e., his son), he was not a resident of Johnny’s household; therefore, Richard is not a family member as defined in the policy. This exclusion is therefore inapplicable as claimed by State Farm and not a valid basis for a grant of summary judgment in its favor.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting State Farm’s motion for summary judgment is reversed, and this case is remanded for further proceedings.
REVERSED AND REMANDED.