WILLIAMS, J.
| j Defendants, Kevin M. Shrell, Double “L” Cattle Company and Navigators Insurance Company, appeal the district court’s ruling granting summary judgment in favor of plaintiff, Casey Church.[1] For the reasons that follow, we affirm the district court’s judgment.
*72 FACTS
On October 6, 2006, at approximately 2:00 a.m., a collision occurred between an ambulance, owned by Pafford Ambulance Services, Inc. (“Pafford”), and a cow, owned by Kevin Shrell. Casey Church, an emergency medical technician employed by Pafford, was driving the ambulance northbound on U.S. Highway 71 in Red River Parish when she collided with the 1,000-1,200 pound black cow which was standing in the roadway. Church and Christopher Martin, a paramedic employed by Pafford, had been dispatched to transport Sammie Wilson, a cardiac patient, from one medical facility to another facility with a “higher level of care.” Church drove while Martin road in the back of the ambulance to monitor Wilson. At the time of the accident, Church was utilizing the ambulance’s headlights, emergency lights and siren, and was traveling 60-65 mph. The posted speed limit was 55 mph.
Church filed a petition for damages against Shrell, Double “L” Cattle Company and insurer Navigators Insurance Company (collectively “Shrell”), for personal injuries she sustained in the accident. Wilson filed a separate lawsuit, naming Shrell, Pafford and their insurers as defendants. 12Martin intervened in the Wilson matter. Pafford filed a separate lawsuit against Shrell to recover for property damage and loss of the use of its ambulance. All three matters were later consolidated.
Church filed a motion for partial summary judgment, arguing that Shrell was solely at fault for causing the accident and that she was not comparatively negligent. The district court granted summary judgment in favor of Church and designated the judgment as appealable. Shrell appealed. While the appeal was pending, Church, Pafford and its insurer moved for summary judgment, seeking dismissal of the lawsuit filed by Wilson and Martin and a declaration that Shrell was solely at fault. Pafford filed another motion for partial summary judgment, seeking a declaration that Shrell was solely at fault for causing the accident. The district court granted the motions and entered a judgment dismissing Wilson’s claims. The judgment also declared that Shrell was totally at fault for purposes of Martin’s intervention.
Meanwhile, this court dismissed Shrell’s appeal in the initial lawsuit with regard to the partial summary judgment entered in favor of Church. Church v. Shrell, 43,353 (La.App.2d Cir.2/21/08). Thereafter, Shrell filed a motion for new trial with regard to the summary judgment entered in favor of Martin, Pafford and its insurer. The court granted the motion for new trial and granted summary judgment in favor of Church, Martin and Pafford, concluding that “Kevin M. Shrell is solely at fault for causing [the] automobile accident....”[2] Shrell appealed.
I DISCUSSION
Shrell contends the district court erred in concluding that he was solely at fault for the accident. Shrell argues that the evidence introduced shows that he took all reasonable precautions to keep his livestock enclosed and that the only plausible *73 explanation for the cow’s escape was the fault of a third party.
Appellate courts review summary judgments de novo, while considering the record and all reasonable inferences drawn from the record in the light most favorable to the non-movant. Hines v. Garrett, 2004-0806 (La.6/25/04), 876 So.2d 764; Austin v. Bundrick, 41,064 (La.App.2d Cir.6/30/06), 935 So.2d 836. Summary judgment is warranted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(C)(1). In Hines, supra, the court stated:
In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but [is] to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party’s favor. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of a legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate.
Id. at 765-66.
|4The burden of proof remains with the movant. LSA-C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Id. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.
LSA-R.S. 3:2803 provides, “No person owning livestock shall knowingly, willfully, or negligently permit his livestock to go at large upon [certain] public highways of this state-” U.S. Highway 71 is included in the enumerated highways in the statute.
It is well settled that when an automobile strikes a cow on one of the enumerated “stock law” highways, the burden of proof rests upon the owner of the animal to exculpate himself from even the slightest degree of negligence. Hines, supra; Austin, supra. To rebut the legal presumption of negligence or fault, the livestock owner must establish that he took all reasonable and prudent measures to enclose his livestock and must explain the presence of the animal on the road by showing when, where, and how the animal escaped. That is, the cattle owner must establish his “complete freedom from fault.” Id.
To establish a prima facie case of liability under LSA-R.S. 3:2803, |5the plaintiff must establish (1) ownership of the cattle; (2) the highway was one enumerated by the statute; and (3) presence of the cattle upon the roadway. Once the prima facie case is established, the burden shifts to the livestock owner to exculpate himself. The owner may only do so by establishing that the harm or damages to the plaintiff was the result of an independent cause. An independent cause is defined as: (1) a fortuitous event; (2) the actions of a third party over which the owner has no control; or (3) the fault of the plaintiff. Cedotal v. Hopkins, 589 So.2d 20 (La.App. 1st Cir.1991). However, in order to relieve a landowner of liability, *74 the independent cause must be the sole cause of the plaintiffs damages. Olsen v. Shell Oil, 365 So.2d 1285 (La.1978); Dotson v. Matthews, 480 So.2d 860 (La.App. 2d Cir.1985).
In the instant case, it was undisputed that the cow Church struck was owned by Shrell. It was also undisputed that the cow was standing in the middle of Highway 71, one of the highways enumerated in LSA-R.S. 3:2803. Therefore, the burden shifted to Shrell to exculpate himself by establishing that the accident was the result of an independent cause.
In an effort to meet this burden, Shrell raises two arguments: (1) the accident was the fault of a third party; and (2) the accident was the fault of the plaintiff.

Actions of Third Parties

Shrell contends he took “all reasonable precautions to keep his livestock enclosed.” He also argues that “the only plausible explanation for the presence of the cow on the roadway is that it was allowed to escape due |f,to the fault of a third party.” Shrell testified in his deposition that he was out of town when the accident occurred and he did not know how the cow came to be in the roadway. Shrell also executed an affidavit in which he attested, “The only plausible explanation for the presence of the cow on the roadway was that someone fishing on the property let the cow out prior to the accident through the gate located near [my] residence.”
An opponent to a motion for summary judgment must produce factual support to avert the summary judgment. If the opponent fails to produce such evidence, summary judgment is mandated. LSA-C.C.P. art. 966(C)(2); Dykes v. Dykes, 38,-723 (La.App.2d Cir.6/23/04), 877 So.2d 280; Garsee v. Bowie, 37,444 (La.App.2d Cir.8/20/03), 852 So.2d 1156. Mere speculation is not sufficient to defeat a motion for summary judgment. Dykes, supra; Garsee, supra. Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact. Sears v. Home Depot, USA, Inc., 2006-0201 (La.App. 4th Cir.10/18/06), 943 So.2d 1219, writ denied, 2006-2747 (La.1/26/07), 948 So.2d 168; King v. Phelps Dunbar, LLP, 2001-1735 (La.App. 4th Cir.4/2/03), 844 So.2d 1012, writ denied, 2003-1220 (La.11/21/03), 860 So.2d 541. Such allegations, inferences and speculation are insufficient to satisfy the opponent’s burden of proof, even if contained in a deposition. Id.
In the instant case, Shrell speculated in his affidavit that “someone” may have been fishing on his property on the day in question and let the cow out of the fence. However, Shrell presented no affirmative evidence to |7prove that anyone had been on his property that day. The only evidence presented to support Shrell’s claim was his own opinion contained in his affidavit. For this reason, we find that Shrell failed to meet his burden of proving that the accident was the result of the actions of a third party.

Plaintiff Fault

Next, Shrell argues that Church was exceeding the speed limit at the time of the accident. He contends Church was at least comparatively liable for causing the accident. As noted above, at the time of the accident, Church was utilizing the ambulance’s headlights, emergency lights and siren and was traveling 60-65 mph in a 55 mph zone.
Victim fault is a viable defense in stock law highway cases. See, Buller v. American National Property & Cas. Co., 2002-820 (La.App. 3d Cir.2/5/03), 838 So.2d 67. LSA-R.S. 32:24 provides, in pertinent part:
*75 A. The driver of an authorized emergency vehicle, when responding to an emergency call ... may exercise the privileges set forth in this Section, but subject to the conditions herein stated.
B. The driver of an authorized emergency vehicle may:
[[Image here]]
(3) Exceed the maximum speed limits so long as he does not endanger life or property;
[[Image here]]
C. The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible or visual signals sufficient to warn motorists of their approach....
D. The foregoing provisions shall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such | ¡¡provisions protect the driver from the consequences of his reckless disregard for the safety of others.
LSA-R.S. 32:24 authorizes the operator of an emergency vehicle to exceed the posted speed limit provided that the operator is responding to an “emergency call.” Even when LSA-R.S. 32:24 is applicable, the operator of the emergency vehicle is not relieved of liability when his or her actions are unreasonable under the circumstances. See, LSA-R.S. 32:24(D); see also, Bergeron v. Port Allen Mortuary, Inc., 178 So.2d 442 (La.App. 1st Cir.), writ denied, 248 La. 441, 443, 179 So.2d 430 (1965).
Shrell argues that Church was not responding to an emergency call at the time of the accident; therefore, she was negligent in exceeding the speed limit. Shrell also argues that Church’s action of exceeding the posted speed limit caused or contributed to the accident.
Again, other than allegations and eonclu-sory contentions, Shrell presented no evidence to show that Church’s actions caused or contributed to the accident. Shrell has suggested that had Church been traveling at 55 mph, the posted speed limit, she would have observed the cow standing in the roadway. However, he offered no expert testimony or any other evidence to support his argument. Therefore, we find that Shrell failed to meet his burden of proving that the accident was the result of plaintiff fault or that Church was comparatively negligent in causing the accident. Based on the record before us, we find that the district court did not err in finding that Shrell was solely at fault in the accident. Accordingly, summary judgment was proper.
^CONCLUSION
For the foregoing reasons, we affirm the district court’s grant of summary judgment in favor of plaintiff. Costs of this appeal are assessed to defendants, Kevin M. Shrell, Double “L” Cattle Company and Navigators Insurance Company.
AFFIRMED.

. Summary judgment was also granted in favor of plaintiffs, Christopher Martin and Pafford Ambulance Services, Inc. However, defendant only appealed the judgment as it relates to plaintiff, Church.

. According to statements contained in the briefs, Martin’s claims have been settled and he is no longer a party to these proceedings. Pafford settled its property damage claim and its lawsuit was dismissed. Additionally, Wilson’s claims against Church, Pafford and its insurer were dismissed by the district court. Although Pafford maintains that it remains in the proceedings as a defendant/appellee with regard to Wilson's lawsuit, Wilson did not appeal the judgment. Therefore, any arguments with regard to that lawsuit will not be addressed in this appeal.